Lawson H. MYERS, III; Millie Boaz Myers; Robert W. Simms, Co–Executors of the Estate of Lawson H. Myers, Jr.; and Boaz Hospital Supply Company, Inc., Plaintiffs–Appellants,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.

No. 89–5337.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1989.

Decided Jan. 11, 1990.

E.W. Rivers (argued), Paducah, Ky., for plaintiffs-appellants.

Joseph M. Whittle, U.S. Atty., Michael F. Spalding, Asst. U.S. Atty., Louisville, Ky., Bruce Granger, F. Richard Waitsman (argued), Dept. of Health and Human Services, Office of General Counsel, Atlanta, Ga., for defendant-appellee.

Before: MILBURN and GUY, Circuit Judges; and LIVELY, Senior Circuit Judge.

MILBURN, Circuit Judge.

Lawson H. Myers, III, Millie Boaz Myers, Robert W. Simms, and Boaz Hospital Supply Company, Inc. ("appellants") appeal the judgment of the district court dismissing their action challenging the decision of the Secretary of Health and Human Services ("Secretary") to exclude all items and services provided by appellants from coverage under the Medicare program for a period of two years. For the reasons that follow, we affirm.

## I.

Appellants were in the business of providing medical supplies and services in the Commonwealth of Kentucky, and utilized the Medicare program to collect payments. On May 11, 1978, appellants were indicted in the United States District Court for the Western District of Kentucky on 170 counts of violating Title XVIII of the Social Security Act, 42 U.S.C. § 1395nn.[1] The indictment charged appellants with knowingly and willfully making and causing to be made false, fictitious, and fraudulent statements and representations of material facts in applications for payment under the Medicare program.

On June 29, 1978, the individual appellants changed their plea from not guilty to *nolo contendere* to 22 counts in the indictment. The corporation also pleaded *nolo contendere* to one count and was fined $500, with a *nolle prosequi* entered as to all other counts. The individual appellants were sentenced to one year as to each of the 22 counts, with a *nolle prosequi* entered as to all other counts. However, the sentences were suspended, and the individual appellants were placed on probation for two years and fined $2,000.

On August 29, 1979, appellants were notified by the Health Care Financing Administration ("HCFA") of a proposal to exclude them from participation in the Medicare program for a period of two years. Appellants were informed that the action was proposed because they had "knowingly

---

1. 42 U.S.C. § 1395nn was repealed, effective August 18, 1987, by section 4(e) of the Medicare and Medicaid Patient and Program Protection Act of 1987, Pub.L. No. 100–93, 101 Stat. 689 (1987).

made or caused to be made false statements and misrepresentations of material facts in application for the payment of Medicare benefits for the purpose of causing payments to be made under Title XVIII of the [Social Security] Act." The proposed exclusion was authorized by section 1862(d)(1)(A) of the Act, 42 U.S.C. § 1395y(d)(1)(A).[2] Appellants were notified on November 4, 1980, of the HCFA's determination to exclude all items and services provided by them from coverage under the Medicare program for a period of two years.

On November 14, 1980, appellants requested a hearing on the HCFA's decision to exclude them from the Medicare program. A hearing was held before an administrative law judge ("ALJ") on April 22, 1981, at which Robert Foster, an HCFA employee, and appellant Lawson H. Myers, III, testified. Lawson Myers, Jr., did not testify and did not submit an affidavit. On December 1, 1981, the ALJ issued a decision affirming the HCFA's determination to exclude appellants from the Medicare program for a period of two years. On February 6, 1986, the Appeals Council affirmed the two-year suspension, finding the ALJ's decision was supported by substantial evidence.

On April 2, 1986, appellants filed this action in the district court to obtain judicial review of the Secretary's decision.[3] The secretary moved to dismiss the action as moot since the two-year exclusion had expired and appellants could be readmitted to the Medicare Program by reapplying. On December 31, 1986, the district court denied the Secretary's motion, rejected the magistrate's recommendation of dismissal, and recommitted the case to the magistrate for a recommendation on the merits of the case.

On June 14, 1988, the magistrate recommended the action be dismissed because the Secretary's decision was supported by substantial evidence. On August 31, 1988, the district court issued an opinion and order adopting the magistrate's recommendation and dismissing the case. Appellants filed a motion for reconsideration, which the district court overruled by an order entered on January 17, 1989. This timely appeal followed.

The principal issues on appeal are (1) whether a conviction pursuant to a plea of *nolo contendere* is admissible in an administrative proceeding; (2) whether substantial evidence supports the Secretary's decision; and (3) whether the ALJ erroneously admitted hearsay evidence.

## II.

■ The standard of review applicable to this case is whether the Secretary's decision to exclude appellants is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984); 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). In our review, we do not consider the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Garner*, 745 F.2d at 387.

## A.

Appellants first argue the Secretary erred by excluding them from the Medicare program on the basis of their convictions following pleas of *nolo contendere*. Appellants' argument presents two issues: (1) whether a criminal conviction, after a plea of *nolo contendere*, is admissible evidence in an administrative proceeding pursuant to 42 U.S.C. § 1395y(d)(1)(A); and (2) whether a conviction pursuant to 42 U.S.C. § 1395nn is sufficient to warrant exclusion from the Medicare program under 42 U.S.C. § 1395y(d)(1)(A).

---

2. 42 U.S.C. § 1395y(d) was repealed, effective August 18, 1987. *Id.* § (8)(c)(1)(A).

3. On October 7, 1987, appellants notified the district court of the death of Lawson H. Myers, Jr. The court ordered the co-executors of the estate be substituted as plaintiffs.

Citing *United States v. Graham*, 325 F.2d 922, 928 (6th Cir.1963), appellants argue that neither a plea of *nolo contendere* nor a conviction resulting therefrom is admissible evidence to prove guilt in another proceeding. Appellants' reliance upon *Graham* is misplaced because the *nolo contendere* pleas and subsequent convictions in this case were not used to prove guilt. Rather, the *nolo* pleas and convictions were used to disqualify appellants from participating in the Medicare program.

Appellants argued in the district court that the Federal Rules of Evidence and the Federal Rules of Criminal Procedure make a plea of *nolo contendere*, and subsequent conviction, inadmissible in an *administrative proceeding*. Appellants argue there is a narrow exception to the rule precluding use of a conviction pursuant to a plea of *nolo contendere* in a subsequent proceeding which applies only where a statute or judicial rule attaches legal consequences to the fact of a conviction. Appellants concede that in such a case, courts have held there is no valid distinction between a conviction upon a plea of *nolo contendere* and a conviction after a guilty plea or trial. *See Pearce v. United States Department of Justice, Drug Enforcement Admin.*, 867 F.2d 253 (6th Cir.1988); *Noell v. Bensinger*, 586 F.2d 554 (5th Cir.1978); *Qureshi v. Immigration and Naturalization Service*, 519 F.2d 1174 (5th Cir.1975); *Sokoloff v. Saxbe*, 501 F.2d 571, 574–75 (2d Cir.1974). In each of those cases, a statute authorized action to be taken upon the finding of a "conviction." For example, in *Pearce* and *Noell*, the Drug Enforcement Administration ("DEA") used convictions entered after pleas of *nolo contendere* to revoke a physician's certification of registration to dispense drugs. The DEA's action was taken pursuant to 21 U.S.C. § 824(a)(2), which authorizes revocation of registration upon a finding that the registrant has been convicted of a felony. In both cases, the courts held that the term "conviction" in the statute included a conviction upon a plea of *nolo contendere*. *Pearce*, 867 F.2d at 255–56; *Noell*, 586 F.2d at 556–57.

Appellants argue that this case does not fit the narrow exception to the rule against subsequent use of a *nolo contendere* conviction because the applicable statute does not give force to the fact of any conviction. Appellants point out that section 1395y(d)(1)(A) does not authorize suspension from the Medicare program upon the finding of a conviction. Rather, appellants argue that the statute requires a finding that the appellants acted "knowingly and willfully" in submitting false Medicare claims. Thus, unlike the statute in *Sokoloff* and *Noell*, section 1395y(d)(1)(A) requires proof of facts underlying a conviction, not proof of the fact of conviction. In sum, appellants argue that since the statute does not attach legal consequences to the fact of a conviction, the *nolo contendere* conviction is inadmissible.

■ We reject appellants' argument. Although appellants do not cite Fed.R. Crim.P. 11(e)(6) or Fed.R.Evid. 410 on appeal, their argument regarding the general rule against use of a *nolo contendere* plea and conviction in subsequent proceedings is based on these rules. These two rules do not preclude use of a *nolo contendere* conviction in an *administrative proceeding*. First, the rules prohibit use of "a *plea* of *nolo contendere*," not a *conviction* pursuant to a *nolo* plea. Second, the rules prohibit use of a *nolo* plea "in any civil or criminal proceeding," not in an *administrative proceeding*. Moreover, at a hearing on the Secretary's determination to exclude a participant from the Medicare program pursuant to section 1395y(d)(1)(A), "[e]vidence may be received ... even though inadmissible under rules of evidence applicable to court procedure." 42 U.S.C. § 405(b). Thus, appellants' general rule against admissibility of a *nolo* plea and conviction *is not applicable in an administrative proceeding*.

■ Appellants' argument for a narrow exception to the rule against admissibility of a *nolo* conviction also lacks merit. Contrary to appellants' assertion, proof of *nolo* convictions has not been restricted to cases in which a statute gives force to the

fact of conviction. In *Crofoot v. United States Government Printing Off.*, 761 F.2d 661 (Fed.Cir.1985), a former federal employee sought review of a final order of the Merit Systems Protection Board which upheld his removal on the ground of notoriously disgraceful conduct. The employee was indicted for the felony of fraud against the United States Government after filing a fraudulent claim for worker's compensation. Pursuant to a plea bargain agreement, the employee entered a plea of guilty to a misdemeanor charge under the doctrine of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and was removed from his government job shortly after his *Alford* plea was accepted by the court. The Board upheld the employee's removal on the charge of notoriously disgraceful conduct. *Crofoot*, 761 F.2d at 663.

Upon review of the Board's order, the court held that "a conviction on a plea of guilty under the *Alford* doctrine may, in the Board's discretion, be considered as the basis for the employee's removal." *Id.* at 665. The court analogized an *Alford* plea to a plea of *nolo contendere*, and added that the collateral consequences of a conviction pursuant to either plea should be the same. *Id.* The court observed, "Several courts have held that the fact of a *conviction* pursuant to a *nolo contendere* plea gives rise to a variety of collateral consequences in subsequent proceedings." *Id.* (emphasis in original). Although the court remanded the case for consideration of a collateral issue, the court did hold "that substantial evidence supports the Board's finding that under the circumstances of this case, petitioner's plea of guilty and subsequent conviction on the charge of false pretenses was notoriously disgraceful conduct." *Id.*

In *Munnelly v. United States Postal Service*, 805 F.2d 295 (8th Cir.1986), the Postal Service discharged a postmaster following his *nolo contendere* plea to an action by the Nebraska Accounting and Disclosure Commission ("NADC") charging the postmaster with financial misconduct in his role as a member of the Board of Directors of the Omaha Public Power District. Pursuant to the *nolo contendere* plea, the NADC made findings of civil violations and imposed a civil penalty of $1,000 for each violation. *Id.* at 297. The former postmaster exhausted his administrative remedies before filing an action seeking reinstatement. On appeal, the postmaster argued the NADC's findings of civil violations could not be used to support his discharge because the findings were based on his plea of *nolo contendere*. *Id.* at 300. The court rejected the postmaster's argument, stating that "a *conviction* pursuant to a *nolo contendere* plea gives rise to a variety of collateral consequences in subsequent proceedings." *Id.* (quoting *Crofoot v. United States Government Printing Office*, 761 F.2d 661, 665 (Fed.Cir. 1985)). The court held that "the NADC findings based on Munnelly's *nolo contendere* pleas could be relied upon by the Postal Service as a basis for his removal." *Id.*

*Crofoot* and *Munnelly* establish that a conviction pursuant to a plea of *nolo contendere* is admissible in an *administrative proceeding, even in the absence of a statute giving force to the fact of a conviction.* The Secretary's exclusion of appellants from participation in the Medicare program is sufficiently analogous to the disciplinary action taken in *Crofoot* and *Munnelly* to warrant admissibility of the convictions in the present case. Accordingly, the convictions pursuant to pleas of *nolo contendere* were properly considered by the Secretary.

### B.

■ We next consider whether or not appellants' convictions pursuant to section 1395nn are substantial evidence supporting exclusion of appellants from the Medicare program pursuant to section 1395y(d)(1)(A). Appellants argue that the Secretary must find that they knowingly and willfully made false statements in claiming Medicare payments, and further argue that a *nolo contendere* conviction does not prove the elements required for exclusion under section 1395y(d)(1)(A). Appellants support their argument by contrasting subsections

(d) and (e) of section 1395y. Subsection (e) authorizes the Secretary to suspend physicians or other health care practitioners from participation in the Medicare program if they have been convicted of a program related crime. Appellants contend that subsection (e) evidences Congress' intent that the Secretary not rely upon a conviction to exclude suppliers from participation in the Medicare program under subsection (d). Appellants note that during Congressional hearings on proposed subsection (e), the AMA and HEW proposed broadening the suspension upon conviction provision to include any person or entity convicted of program related crimes, rather than limiting it to physicians and individual practitioners. Appellants conclude that the absence of a suspension upon conviction provision in subsection (d) means that Congress intended to limit suspension upon conviction to physicians and individual practitioners.

Appellants' arguments are without merit. Exclusion from the Medicare program pursuant to section 1395y(d)(1)(A) does require the Secretary to determine that the excluded person "has knowingly and willfully made, or caused to be made, any false statement or representation of a material fact for use in an application for payment under this subchapter or for use in determining the right to a payment under this subchapter." 42 U.S.C.A. § 1395y(d)(1)(A). Appellants were indicted for violating 42 U.S.C. § 1395nn, and the indictment charged appellants with knowingly and willfully making and causing to be made false, fictitious, and fraudulent statements and representations of material facts in applications for payment under the Medicare program. Section 1395nn has language almost identical to that of section 1395y(d)(1)(A). Section 1395nn encompasses whoever "knowingly and willfully makes or causes to be made any false statement or representation of a material fact in any application for any benefit or payment under this subchapter." 42 U.S.C.A. § 1395nn(a).

"It is well-settled that a plea of *nolo contendere* constitutes an admission of 'every essential element of the offense [that is] well pleaded in the charge.'" *United States v. Frederickson,* 601 F.2d 1358, 1365 n. 10 (8th Cir.), *cert. denied,* 444 U.S. 934, 100 S.Ct. 281, 62 L.Ed.2d 193 (1979) (brackets in original) (quoting *Lott v. United States,* 367 U.S. 421, 426, 81 S.Ct. 1563, 1566, 6 L.Ed.2d 940 (1961)). Appellants' pleas of *nolo contendere* to the charges constitute an admission that they knowingly and willfully made or caused to be made false, fictitious and fraudulent statements and representations of material facts in applications for payment under the Medicare program. Because the indictment and the statutes have virtually identical language, a conviction under section 1395nn establishes the essential elements of section 1395y(d)(1)(A), and it is substantial evidence warranting exclusion of appellants from the Medicare program.

## C.

Appellants next argue the ALJ erred by admitting hearsay evidence which was irrelevant and unreliable. At the hearing, appellants objected to the testimony of Robert Foster, a HCFA employee, regarding his investigation of the case and his interviews with former customers of the appellants. Appellants contend the hearsay testimony was irrelevant because it was not relied upon by the Secretary in excluding appellants from the Medicare program. Appellants assert that admission of the irrelevant hearsay evidence was fundamentally unfair since it did not form the basis of the exclusion.

Appellants cite the case of *Calhoun v. Bailar,* 626 F.2d 145 (9th Cir.1980), *cert. denied,* 452 U.S. 906, 101 S.Ct. 3033, 69 L.Ed.2d 407 (1981), as setting out a test for admissibility of hearsay evidence in administrative hearings. The court in *Calhoun* stated that the test for admissibility of hearsay evidence in an administrative context requires "that the hearsay be probative and its use fundamentally fair." *Id.* at 148. The court also discussed the Supreme Court's decision in *Richardson v. Perales,* 402 U.S. 389, 402–06, 91 S.Ct. 1420, 1427–30, 28 L.Ed.2d 842 (1971), in which the

Court listed nine factors that assure reliability and probative value. Appellants argue the multifactor analysis of reliability should have been conducted by the ALJ before admitting the hearsay testimony.

A careful reading of *Richardson* and *Calhoun* reveals that the multifactor analysis is used to determine whether the hearsay evidence constitutes *substantial evidence* supporting an administrative decision. In other words, the multifactor analysis is used to assure reliability when hearsay evidence is the sole basis for agency action. *See Calhoun*, 626 F.2d at 149. Thus, appellants' argument for application of *Calhoun*'s multifactor analysis is misplaced. The present case is not one in which hearsay evidence alone must constitute substantial evidence in order to support the Secretary's decision.

Hearsay evidence is admissible in an administrative proceeding, provided it is relevant and material. *Richardson*, 402 U.S. at 400, 91 S.Ct. at 1426; *Evosevich v. Consolidation Coal Co.*, 789 F.2d 1021, 1025 (3d Cir.1986). The hearsay testimony to which appellants object is relevant and material to this case. The hearsay testimony concerned the Secretary's investigation of appellants and consisted of information derived from interviews with former customers of the appellants. Although the ALJ conceded that the hearsay testimony alone was insufficient to support exclusion of appellants, the hearsay testimony remained relevant and material because the ALJ concluded that the convictions, *combined with* the hearsay evidence, were sufficient to exclude the appellants.

In the context of their challenge to the hearsay evidence, appellants also challenge the credibility of Foster's testimony. Appellants cite testimony by Lawson Myers, III, contradicting and impeaching Foster's testimony. However, the ALJ gave little weight to Myers' self-serving testimony, and found it insufficient to rebut the Secretary's evidence. Although the "reviewing court does not act, even in credibility matters, as a mere rubber stamp for the administrative agency action on appeal;" *Krispy Kreme Doughnut Corp. v.*

*NLRB*, 732 F.2d 1288, 1290 (6th Cir.1984), "[i]t is well-settled that it is 'the function of the ALJ to resolve credibility problems.'" *NLRB v. Norbar, Inc.*, 752 F.2d 235, 239 (6th Cir.1985) (quoting *NLRB v. Downslope Industries, Inc.*, 676 F.2d 1114, 1116 (6th Cir 1982)). "This court will not normally disturb the credibility assessments of ... the Administrative Law Judge who has observed the demeanor of the witnesses." *Norbar*, 752 F.2d at 239 (quoting *NLRB v. Magnetics International, Inc.*, 699 F.2d 806, 813 (6th Cir.1983)). Because the ALJ was required to evaluate conflicting testimony from two witnesses, his opportunity to observe the demeanor of the witnesses warrants deference to his decision, and appellants' argument challenging Foster's credibility is rejected.

### III.

For the reasons stated, the district court's judgment dismissing appellants' action is AFFIRMED.