917 F.2d 1304
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Keith C. HEASTON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-3245.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and MEREDITH, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the district court (Holschuh, J.) granting summary judgment to the Secretary of Health and Human Services in a social security disability case. For the reasons that follow, we shall affirm Judge Holschuh's order.
 
 
 2
 * From 1985 to mid-1987 the claimant, Keith Heaston, who was born in 1954, worked off and on as an automobile and truck mechanic. Prior to that time he had worked as a dry cleaning presser, route driver, fork lift operator, and cleaner. As the district court noted, each of these jobs involved "medium to heavy exertional demands."
 
 
 3
 Mr. Heaston had undergone a partial laminectomy at L-4, L-5 in 1974. The operation was evidently successful. In May of 1987 Mr. Heaston injured his back, causing back pain that radiated into his left leg. He continued to work as a mechanic for a couple of months, but on July 6th he stopped working because the pain allegedly became too severe. He underwent another back operation in September of 1987. The medical history is more fully described in the comprehensive opinion of the district court, and the reader is referred to that opinion.
 
 
 4
 On July 27, 1987, Mr. Heaston filed an application for disability insurance benefits and supplemental security income. This application was denied initially and again upon reconsideration. Upon Mr. Heaston's request, a hearing was held before an administrative law judge. The ALJ found (1) that Mr. Heaston's impairments did not meet or equal any of the "listings" in 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) that even though Mr. Heaston could not perform any of his "past relevant work," as that term is used in 20 C.F.R. Secs. 404.1560(b) and 416.960(b), the Medical-Vocational Guideline grids at 20 C.F.R. Part 404, Subpart P, Appendix 2 revealed that he could perform other work existing in significant numbers in the national economy; and (3) that Mr. Heaston's allegations of disabling pain were not supported by the medical evidence. On the basis of these findings, the ALJ concluded that Mr. Heaston was not disabled within the meaning of the statute. The Appeals Council denied a request for review, and the ALJ's decision became the final decision of the Secretary.
 
 
 5
 Proceeding in forma pauperis, Mr. Heaston then filed a complaint in federal district court asking the court to reverse the Secretary's decision or, in the alternative, to remand the case for further proceedings. Mr. Heaston and the Secretary filed cross-motions for summary judgment. On February 6th of this year the district court issued an opinion and order denying Mr. Heaston's motion, granting the Secretary's motion, and dismissing the case. This appeal followed.
 
 II
 
 6
 As we stated in Myers v. Secretary of Health and Human Services, 893 F.2d 840, 842 (6th Cir.1990), "[t]he standard of review applicable to this case is whether the Secretary's decision ... is supported by substantial evidence. Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (Citations omitted.) If supported by substantial evidence, the Secretary's decision must stand, regardless of whether the record taken as a whole might support a different conclusion. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 7
 * Mr. Heaston contends that the Secretary erred in concluding that his condition is not equivalent to any of the listings contained in the regulations. At issue is 20 C.F.R. Part 404, Subpart P, Appendix 1 Sec. 1.05C. That section, dealing with the general category of disorders of the spine, describes
 
 
 8
 "[o]ther vertebrogenic disorders (e.g., herniated nucleus puplosus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 9
 (1) Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 10
 (2) Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss."
 
 
 11
 It is admitted that Mr. Heaston's condition does not specifically "meet" this description, whether or not there was any significant motor loss. Section 1.05C(1) requires evidence of muscle spasm; Mr. Heaston has offered no persuasive evidence of muscle spasm. The question is whether the ALJ erred in concluding that Mr. Heaston's condition was not medically equivalent to Sec. 1.05C. To prevail on this issue, Mr. Heaston must produce medical findings that are "at least equal in severity and duration" to the listed condition. 20 C.F.R. Secs. 404.1526(a), 416.926(a). The ALJ concluded that Mr. Heaston did not meet this burden. Our own review of the record reveals that there is conflicting evidence on this point, but we are mindful that we have no authority to "consider the case de novo, nor [to] resolve conflicts in the evidence, nor [to] decide questions of credibility." Myers, 893 F.2d at 842. From the evidence in the record, including the medical reports of Drs. Rossel and Starr, a reasonable mind could conclude, as did the ALJ, that Mr. Heaston did not prove that he suffers from "persistent muscle spasms, [the] inability to heel and toe walk, significant deep tendon reflex abnormalities, or significant muscle weakness." Accordingly, we find that substantial evidence supports the ALJ's conclusion that Mr. Heaston's condition is not medically equivalent to Sec. 1.05C.
 
 B
 
 12
 Mr. Heaston also contends that the ALJ's use of the Medical-Vocational Guideline grids was improper because the claimant allegedly suffers from a nonexertional impairment: the inability to bend, stoop, crouch, or kneel. However, it is only when "the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level [that] nonexertional limitations must be taken into account and a non-guideline determination made." Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 528-529 (6th Cir.1981), cert. denied sub nom. Kirk v. Heckler, 461 U.S. 957 (1983). The burden of proof rests upon the claimant. Kimbrough v. Secretary of Health and Human Services, 801 F.2d 794, 796 (6th Cir.1986) (per curiam) ("the claimant must show an impairment that significantly limits his ability to do a full range of work at a designated level").
 
 
 13
 In the case at bar, the ALJ determined that Mr. Heaston was fully capable of performing "sedentary work," defined in the regulations as work that requires
 
 
 14
 "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. Secs. 404.1567(a), 416.967(a).
 
 
 15
 On this basis, the ALJ concluded that Mr. Heaston's impairments were not severe enough to preclude the application of the grids. These findings are supported by substantial evidence in the record, including the medical reports of Drs. Wells and Starr, both of whom indicated that Mr. Heaston can frequently carry 10 pounds, can sit a total of six hours out of an eight-hour day, can perform light work, and can occasionally climb, stoop, and crouch. We are thus unable to say that the Secretary erred in applying the grids in this case.
 
 C
 
 16
 Finally, Mr. Heaston maintains that the Secretary erred in concluding that he does not suffer from disabling pain. We disagree. 42 U.S.C. Sec. 423(d)(5)(A) provides in pertinent part:
 
 
 17
 "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain...."
 
 
 18
 This statute, we have said, calls upon us to make the following analysis:
 
 
 19
 "First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986).
 
 
 20
 In the case at bar, the ALJ did find objective evidence of an underlying condition: a herniated nucleus puplosus, for which the claimant underwent surgery. But the ALJ also found, correctly, that the record does not contain sufficient objective medical evidence to confirm that the pain attributed to Mr. Heaston's condition is disabling. As the district court noted, pain is an elusive phenomenon. We are particularly mindful that
 
 
 21
 "tolerance of pain is a highly individual matter and a determination of disability based on pain by necessity depends largely on the credibility of the claimant. Since the A.L.J. had the opportunity to observe the demeanor of the appellant, his conclusions with respect to credibility 'should not be discarded lightly.' " Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984) (citations omitted).
 
 
 22
 Such deference is especially appropriate where, as here, some of the symptoms which "normally occasion complaints of severe pain" (such as muscle spasms in the back) are absent. See Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir.1986) (en banc). On the facts as presented, we cannot say that the ALJ's determination is based on evidence so slight that a reasonable mind would not accept it as "adequate to support a conclusion." Myers, 893 F.2d at 842.
 
 III
 
 23
 This is a close case, and a new application by Mr. Heaston might well prove successful even if he chooses not to risk a third back operation. However, on the record currently before this court, the Secretary's decision to deny benefits is supported by substantial evidence. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Ronald E. Meredith, United States District Judge for the Western District of Kentucky, sitting by designation