921 F.2d 276
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William LAWHORN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-3500.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1990.
 
 Before BOYCE F. MARTIN Jr. and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a district court judgment, entered by a magistrate, affirming a decision in which the Secretary of Health and Human Services denied a claim for social security disability benefits. For the reasons that follow, we shall affirm the judgment.
 
 
 2
 * The claimant, William Lawhorn, was born in 1950 and worked as a painter from 1965 until 1978. He injured his back in October of 1978 while lifting a heavy object at work. X-rays performed shortly after his accident revealed spondylolisthesis and spondylolysis but no other abnormalities. In August of 1980 he underwent an elective spinal fusion at L-4-2-1. Subsequent X-rays have revealed spondylolisthesis, questionable bony fusion at L-5-S-1, and possible pseudoarthrosis.
 
 
 3
 Mr. Lawhorn has filed three applications for disability benefits since his injury. All were denied, and neither of the first two was pursued beyond the administrative level. This appeal stems from the denial of Mr. Lawhorn's third application, filed on October 29, 1984. Mr. Lawhorn's disability insured status expired on March 31, 1984. Accordingly, benefits may be awarded only for disabilities occurring before that date. 42 U.S.C. Secs. 416(i), 423.
 
 
 4
 A hearing on the third application was held before an administrative law judge on June 5, 1985. The ALJ found: (1) that even though Mr. Lawhorn could not perform any of his past relevant work, as that term is used in 20 C.F.R. Sec. 404.1560(b), he could perform other work existing in significant numbers in the national economy, and (2) that he was not suffering from a severe mental impairment. Accordingly, the ALJ concluded that Mr. Lawhorn was not disabled within the meaning of the statute.
 
 
 5
 The Appeals Council denied a request for review, and pursuant to 42 U.S.C. Sec. 405(g) Mr. Lawhorn sought judicial review in the Southern District of Ohio. The district court remanded the case for consideration of new evidence, including a medical report by Dr. William Hillard, the plaintiff's treating psychiatrist. Dr. Hillard opined that Mr. Lawhorn was disabled because of post-traumatic stress syndrome. Two supplemental hearings were held before a different ALJ, who concluded that Mr. Lawhorn was fully capable of performing sedentary work and that his claims of mental disability were not supported by the evidence.
 
 
 6
 Again Mr. Lawhorn sought judicial review. Pursuant to 28 U.S.C. Sec. 636(c), the parties consented to the exercise of full jurisdiction by a magistrate. After a hearing, the magistrate issued an opinion and order finding that the agency's decision was supported by substantial evidence. This appeal followed.
 
 II
 
 7
 As we stated in Myers v. Secretary of Health and Human Services, 893 F.2d 840, 842 (6th Cir.1990), "[t]he standard of review applicable to this case is whether the Secretary's decision is supported by substantial evidence. Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " (Citations omitted.) We are particularly mindful that we have no authority to "consider the case de novo, nor [to] resolve conflicts in the evidence, nor [to] decide questions of credibility." Id. As long as the Secretary's decision is supported by substantial evidence, it must stand whether or not the record taken as a whole might support a different conclusion. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983).
 
 
 8
 * Mr. Lawhorn claims, first, that the Secretary erred in determining that he retained the physical ability to perform sedentary work. As explained in the applicable regulations, "sedentary work" involves
 
 
 9
 "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. Sec. 404.1567(a).
 
 
 10
 The Secretary's conclusion that Mr. Lawhorn could perform this type of work is amply supported by the evidence in the record, including the medical reports of Dr. Miller (1980 and 1981), Dr. Koppenhoefer (1981), Dr. Lim (1984), and Dr. McDermott (1985). Indeed, Dr. Miller--Mr. Lawhorn's treating physician at the time--specifically encouraged the plaintiff "to begin to look for sedentary work."
 
 B
 
 11
 Mr. Lawhorn also contends that the Secretary erred in determining that he does not suffer from disabling pain. However, 42 U.S.C. Sec. 423(d)(5)(A) provides in pertinent part that
 
 
 12
 "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain...."
 
 
 13
 This statute, we have said, calls upon us to make the following analysis:
 
 
 14
 "First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986).
 
 
 15
 In the case at bar, the ALJ did find objective evidence of an underlying condition: spondylolysis and spondylolisthesis of the fifth lumbar vertebra. But the ALJ also found, correctly, that the record does not contain sufficient objective medical evidence to confirm that the pain attributed to Mr. Lawhorn's condition is disabling. Without detailed corroborating medical evidence, this court will generally defer to the ALJ's assessment. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984). Two reasons support such deference here.
 
 
 16
 First, the ALJ had an adequate basis to conclude that Mr. Lawhorn's objectively established medical condition was not so severe that it could reasonably be expected to produce disabling pain. There was no evidence of muscle atrophy, typically associated with severe pain, see Mullen v. Bowen, 800 F.2d 535, 547-48 (6th Cir.1986), and neurological examinations were "essentially normal." See Duncan, 801 F.2d at 854.
 
 
 17
 Second, the ALJ had an adequate basis to discount Mr. Lawhorn's credibility to a degree. His failure to seek treatment between April of 1982 and November of 1984 undercuts his allegations of disabling pain during that period. See Blacha v. Secretary of Health and Human Services, No. 89-2290, slip op. at 4 (6th Cir. August 31, 1990) (unpublished) (available on Lexis as 1990 U.S.App. LEXIS 15558). Further, the ALJ correctly found that Mr. Lawhorn's demeanor and some of his activities--especially his ability to drive--were inconsistent with claims of disabling pain. As a matter of law, an ALJ may consider household and social activities in evaluating such claims. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 (6th Cir.1986).
 
 
 18
 Accordingly, in the absence of sufficient objective evidence to the contrary, we will not disturb the ALJ's conclusion that the plaintiff did not suffer from disabling pain prior to March 31, 1984.
 
 C
 
 19
 Finally, Mr. Lawhorn maintains that the Secretary erred in determining that he was not mentally disabled. The only medical evidence in the record tending to suggest that Mr. Lawhorn suffered from a mental disability is the report of Dr. Hillard--who did not begin treating the plaintiff until 1985, a year after the claimant's insured status had expired. The record also contains the medical reports of Drs. Edelstein, Weaver, and Howard, each of whom found that Mr. Lawhorn was not mentally disabled. Although the medical opinions of treating physicians are generally accorded considerable weight, this is only true if the treating physician's opinion is based on sufficient medical data. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985). Because Dr. Hillard offered no pre-1985 evidence to support his diagnosis, the ALJ did not err in declining to defer to his evaluation. Moreover, on the facts as presented, including the reports of Drs. Edelstein, Weaver, and Howard, we cannot say that the ALJ's determination that the plaintiff was not mentally disabled was based on evidence so slight that a reasonable mind would not accept it as "adequate to support a conclusion." Myers, 893 F.2d at 842.
 
 III
 
 20
 On the record before us, the Secretary's decision to deny benefits is supported by substantial evidence. Accordingly, the judgment entered by the magistrate is AFFIRMED.