922 F.2d 841
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard STREUFERT, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-1494.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1991.
 
 Before BOYCE F. MARTIN, JR. and NATHANIEL R. JONES, Circuit Judges, and EDGAR, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Richard Streufert appeals the denial of his claim for social security disability benefits. For the following reasons we affirm the judgment of the district court.
 
 I.
 
 2
 In this appeal Richard Streufert seeks further review of the final decision of the Secretary of Health and Human Services denying his application for disability benefits. Richard Streufert was forty-eight years old at the time the Secretary determined that he was not disabled. Streufert served in the United States Armed Forces from 1958 to 1961. Also, he has a bachelors degree in science and is a certified social worker. He worked as a social work programmer from 1966 to 1983. Streufert last held gainful employment in September of 1983.
 
 
 3
 In September of 1983, Streufert was hospitalized due to chest discomfort. During this hospitalization, Streufert suffered a heart attack. He recovered from the heart attack, and his treating cardiologist, Dr. Harry Colfer, indicated that Streufert was within the low risk group of post myocardial infarction patients. On September 18, 1983, Streufert was discharged from the hospital with instructions to limit his activities to less than five minutes a day, to begin a daily exercise program and to plan for approximately one month away from work.
 
 
 4
 Claimant was hospitalized on October 13, 1983, to undergo a recommended catheterization to assess the nature and extent of his heart disease. The catheterization revealed "a totally occluded mid left anterior descending coronary artery, a 50 percent occlusion of the major obtuse branch of the circumflex, and a normal right coronary artery." Based on these findings, Dr. Colfer stated that the claimant "could return to work half time in two weeks and full time in approximately four weeks." Tr. at 13-14.
 
 
 5
 In July of 1984, Streufert's family physician, Dr. Eronico Javellana, concluded that the claimant was totally and permanently disabled. Dr. Javellana diagnosed such disability as post myocardial infarction, coronary artery disease and anxiety-depression. Dr. Javellana, however, also believed that claimant had a Class II functional capacity, which would indicate that claimant's cardiac impairment placed only slight limitations on his physical activities. Tr. at 292-93. On February 26, 1985, Streufert was hospitalized due to complaints of syncope, a temporary loss of consciousness due to generalized cerebral ischemia. After his release on March 15, 1985, Dr. Colfer stated that "the claimant has no new activity restrictions." Id. at 14.
 
 
 6
 On July 25, 1985, Streufert filed an application for disability benefits. Streufert alleged a disability onset date of September 6, 1983, due to coronary artery disease, status post myocardial infarction and a dysthymic mental condition. Streufert's application was denied initially and upon reconsideration by the Social Security Administration. A hearing was held on June 10, 1986, before an Administrative Law Judge (ALJ). The ALJ denied Streufert's claim for disability benefits. On December 1, 1986, the Appeals Council upheld the ALJ's determination.
 
 
 7
 On January 27, 1987, Streufert sought judicial review pursuant to 42 U.S.C. Sec. 405(g). The district court remanded the case to the Secretary for "further administrative proceedings with respect to a consultative psychiatric examination, review under the mental impairment regulations, preparation of a Psychiatric Review Technique for, and inquiry into the matter of plaintiff's earnings after his alleged onset date." Tr. at 388. Pursuant to the order of remand from the district court, psychological evaluations of the claimant were performed. These evaluations revealed that Streufert suffers from dysthymia.[2]
 
 
 8
 On remand, a second hearing was held before an ALJ. The ALJ recommended that the Secretary find that Streufert is not disabled and retains the functional capacity to perform a significant number of sedentary jobs in the national economy. On January 27, 1989, the Appeals Council considered the entire record and adopted the ALJ's decision.
 
 
 9
 In the United States District Court for the Western District of Michigan, Judge Wendell A. Miles presiding, both parties moved for summary judgment. On March 7, 1990, the district court upheld the ALJ's decision and granted the Secretary's motion for summary judgment.
 
 II.
 
 10
 In order to qualify for disability benefits under Title II of the Social Security Act, a claimant must demonstrate an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. Sec. 404.1505(a). The ultimate burden is upon the claimant to establish an entitlement to benefits by proving the existence of a disability. Listenbee v. Secretary of Health & Human Services, 846 F.2d 345, 349 (6th Cir.1988). When the Secretary makes a decision regarding a claim of disability, the Social Security Act provides that his findings of fact are conclusive if supported by "substantial evidence." 42 U.S.C. Sec. 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Myers v. Secretary of Health & Human Services, 893 F.2d 840, 842 (6th Cir.1990) (citation omitted). In our review of the Secretary's decision, "we do not consider the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Id. at 842 (citation omitted). Our sole inquiry in this appeal of the Secretary's denial of disability benefits is whether there is substantial evidence to support the Secretary's decision. Listenbee, 846 F.2d at 349. It should be noted here that:
 
 
 11
 'the substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because the substantial evidence would have supported an opposite decision.'
 
 
 12
 Blankenship v. Bowen, 874 F.2d 1116, 1120 (6th Cir.1989) (per curiam) (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir.1984)). Applying the above principles to claimant's case, we find that the ALJ's decision is supported by substantial evidence.
 
 III.
 
 13
 20 C.F.R. Pt. 404, Subpt. P, Sec. 404.1520 outlines the steps for evaluating disability. If a claimant is not working, has a severe impairment, and meets the duration requirement, it must then be determined whether the claimant suffers from one of the "listed" impairments or an impairment equal to one of the listed impairments. 20 C.F.R. Sec. 404.1520; Listenbee, 846 F.2d at 350. If it is determined that the claimant suffers from a listed impairment or one equal thereto, the inquiry ends and benefits are owing. 20 C.F.R. Sec. 404.1520(d); Listenbee, 846 F.2d at 350. Otherwise, the Secretary must decide if the claimant can return to work, either in his or her past capacity or in another capacity. Listenbee, 846 F.2d at 350.
 
 
 14
 Streufert is not working, and the ALJ found that he has a severe impairment. Tr. at 299. However, the ALJ also found that Streufert did not suffer from one of the listed impairments or one equal thereto. Id. Thus, the first question is whether the ALJ's finding that claimant does not suffer from one of the listed impairments or one equal thereto is supported by substantial evidence.
 
 
 15
 In attempting to establish that his heart condition meets one of the listed impairments or, more likely, one equal thereto, Streufert relies upon 20 C.F.R. Sec. 404, Subpt. P, App. 1 at 4.00, 4.02 and 4.04. To be sure, Streufert does have coronary artery disease. This alone, however, does not qualify as a listed impairment or one equal thereto. See id. Listing 4.04, entitled "Ischemic heart disease with chest pain [of] cardiac origin as described in 4.00E," can be established by one of three showings. Streufert contends that he met the criteria of 4.04A or 4.04B. Listing 4.04A requires various showings from a treadmill test, and 4.04B requires angiographic evidence showing either a 50 percent or more narrowing of the left main coronary artery, a 70 percent or more narrowing of the proximal coronary artery, as defined in 4.00H3, or a 50 percent or more narrowing involving a long segment of a proximal coronary artery or multiple proximal coronary arteries. The district court stated that the "[t]wo treadmill tests of record do not establish that [Streufert] suffers ischemic heart disease which would render him disabled under Listing 4.04." District Court Opinion, March 7, 1990 at 6. Moreover, the medical reports of Dr. Colfer indicate that Streufert failed to establish either a 50 percent or more narrowing of the left main coronary artery, a 70 percent or more narrowing of the proximal coronary artery, or a 50 percent or more narrowing involving a long segment of a proximal coronary artery or multiple proximal coronary arteries. Id. After carefully considering the record and the ALJ's decision, we must conclude that the ALJ's determination here was supported by substantial evidence. See id. at 5-6. The more problematic question in this case is whether Streufert's mental capacity, in and of itself or coupled with his heart condition, renders him disabled. 20 C.F.R. Sec. 404.1526(a).
 
 
 16
 Streufert suffers from dysthymia which affects, in no small manner, his mental capacity and his ability to deal with work-related stress. Streufert relies upon 20 C.F.R. Sec. 404, Subpt. P, App. 1 at 12.00 and 12.04 to establish that his mental condition meets a listed impairment or one equal thereto. The ALJ found that Streufert met certain criteria for 12.04A. Listing 12.04B, however, requires at least two of the following: (1) "[m]arked restriction of activities of daily living;" (2) "[m]arked difficulties in maintaining social functioning;" (3) "[d]eficiencies of concentration, persistence or pace resulting in frequent failure to complete task in a timely manner;" (4) "[r]epeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms." Relying upon the various psychological and psychiatric reports, which were ordered by the district court, the ALJ found that Streufert had moderate, but not marked, restrictions on his activities of daily living and social functioning, often, but not frequent, deficiencies in concentration, persistence, or pace, and only one or two episodes of deterioration in work or work-like settings causing him to withdraw or experience exacerbation of signs and symptoms. Tr. at 297. The district court concluded, as we do here, that the record "provides substantial support for the Secretary's conclusion that plaintiff suffers from moderate depression which has not rendered him disabled." District Court Opinion at 8. The ALJ's determination that Streufert's depressive-disorder is not so severe and debilitating as to require a finding that claimant suffers from one of the listed impairments or one equal thereto is supported by substantial evidence. See District Court Opinion at 7-8.[3] Although the record contains conflicting reports regarding Streufert's depressive disorder, it is not for us to resolve conflicts in the evidence. Also, we conclude that the ALJ's finding that Streufert's physical and mental impairments combined do not meet one of the listing requirements or one equal thereto is supported by substantial evidence.
 
 VI.
 
 17
 The ALJ found that Streufert does not have the residual functional capacity to perform his past relevant work as a social worker; therefore, "the burden shift[s] to the Secretary to show that [the claimant] possesses the capacity to perform other substantial gainful activity that exists in the national economy." Varley v. Secretary of Health & Human Services, 820 F.2d 777, 779 (6th Cir.1987) (citation omitted). "To meet this burden, there must be 'a finding supported by substantial evidence that [claimant] has the vocational qualifications to perform specific jobs.' " Id. (citation omitted).
 
 The ALJ found that:
 
 18
 [a]lthough the claimant's additional nonexertional limitations do not allow him to perform the full range of sedentary work ... there are a significant number of jobs in the national economy which he could perform. Examples of such jobs are: industrial machine tending and clerical jobs. There are 3,000-4,000 such jobs (of which 1,500-2,500 are of an industrial nature) in the locale in which the claimant resides.
 
 
 19
 Tr. at 300. The record reveals that this finding by the ALJ was indeed supported by substantial evidence. Moreover, the specific jobs referred to by the ALJ are unskilled positions involving low stress and little contact with others. Id. at 296. Hence, the ALJ's finding that Streufert retains the residual functional capacity to perform a significant number of substantial gainful sedentary jobs in the national economy is supported by substantial evidence.
 
 
 20
 We have considered the other claims put forth by Streufert and find that they are without merit.
 
 V.
 
 21
 For the foregoing reasons we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable R. Allan Edgar, District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [2]
 Dysthymia is a 'mood disorder' characterized by a depressed feeling ... and loss of interest or pleasure in one's usual activities and in which the associated symptoms have persisted for more than two years but are not severe enough to meet the criteria for major depression." District Court Opinion, March 7, 1990, at 7-8 (citation omitted)
 
 
 [3]
 We also agree with the district court's conclusion that Streufert failed to establish that he meets listing 4.05 or one equal thereto with respect to arrhythmias