*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0107P (6th Cir.)
File Name: 04a0107p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

MEADOWWOOD NURSING
HOME,

*Petitioner,*

*v.*

UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, and TOMMY
THOMPSON, Secretary of
HHS,

*Respondents.*

No. 02-4115

On Petition for Review from the Final Decision of the
Secretary of Health and Human Services.
No. A-02-65.

Argued and Submitted: February 3, 2004

Decided and Filed: March 2, 2004[*]

—————————

[*] This decision was originally issued as an "unpublished decision" filed on March 2, 2004. On April 13, 2004, the court designated the opinion as one recommended for full-text publication.

Before: DAUGHTREY and COLE, Circuit Judges;
POLSTER, District Judge.[**]

_____

**COUNSEL**

**ARGUED:** Shirley Moscow Michaelson, OFFICE OF THE CHIEF COUNSEL, Chicago, Illinois, for Respondents. **ON BRIEF:** Shirley Moscow Michaelson, OFFICE OF THE CHIEF COUNSEL, Chicago, Illinois, for Respondents. Geoffrey E. Webster, Columbus, Ohio, for Petitioner.

_____

**OPINION**

_____

MARTHA CRAIG DAUGHTREY, Circuit Judge. By means of the petition now before us, MeadowWood Nursing Home seeks review of a civil monetary penalty imposed by the Secretary of Health and Human Services (HHS) upon a finding that MeadowWood had failed to comply with certain Medicare/Medicaid regulations. A survey conducted by the Ohio Department of Health on behalf of HHS turned up several deficiencies in the facility, including MeadowWood's failure to maintain the nursing home as free of accident hazards as possible, as required by 42 C.F.R. § 483.25(h)(1). Waiving review of all other violations for which civil penalties were imposed, MeadowWood now appeals only the § 483.25(h)(1) penalty assessed by the Centers for Medicare and Medicaid Services, which was sustained by an administrative law judge for the HHS Departmental Appeals Board and then upheld by an appellate panel of the Appeals Board. We conclude that the Secretary's decision finding

—————————

[**] The Honorable Dan Aaron Polster, United States District Judge for Northern District of Ohio, sitting by designation.

certain equipment in the facility unsafe is supported by substantial evidence, and we therefore affirm.

### PROCEDURAL AND FACTUAL HISTORY

MeadowWood Nursing Home is a 53-bed long-term-care facility in rural southwestern Ohio. In July 1998, officials of the Ohio Department of Health, acting on behalf of the Centers for Medicare and Medicaid Services, conducted a survey to determine whether the facility was in compliance with the federal requirements for nursing homes participating in Medicare/Medicaid programs. They discovered, among other deficiencies, that at least 12 of the 53 beds in the facility were unsafe due to malfunctioning side rails.

The two most serious cases involved residents designated in the report as Resident 2 and Resident 3. Resident 2, a frail, 100-year-old man, was injured after he fell from a bed that was known to have a side rail that collapsed easily. He was nevertheless returned to the same bed and was still in it almost a week later when the side rail again collapsed without warning while it was being inspected by the surveyors. Resident 3, who suffered from multiple mental impairments but was physically strong and even violent at times, experienced two falls from his bed. The first occurred when a side rail collapsed as he shook it, and the second when the bracket connecting the rail to the bed snapped altogether. Resident 3 was then moved to a different bed that had a 3-4 inch gap between the side rail and the mattress, which created a risk for entrapment.

As a result of the condition of these two beds and some 10 or 12 others, the Ohio Department of Health concluded that MeadowWood was not in substantial compliance with 42 C.F.R. §483.25(h)(1), which requires that a facility "must ensure that . . . [t]he resident environment remains as free of accident hazards as is possible." Among the remedies proposed to HHS was the payment of a civil monetary penalty at the "immediate jeopardy" level of $3,050 per day for the

10-day period from July 23 through August 1, 1998. "Immediate jeopardy" means a situation in which a facility's non-compliance has caused, or is likely to cause, serious injury, harm, impairment, or death to a resident. 42 C.F.R. § 488.301. The report also recommended a reduced penalty of $50 per day for 132 days from August 2 through December 1, 1998. HHS suspended payment for new Medicare/Medicaid admissions effective September 29, 1998, and proposed to terminate its provider agreement with MeadowWood in the absence of substantial compliance with pertinent federal regulations.

MeadowWood disputed the findings of non-compliance and filed a request for hearing in accordance with 42 C.F.R. §§488.408(g). An administrative law judge held a four-day hearing and sustained the imposition of the penalty. MeadowWood then appealed to a three-member panel of the Departmental Appeals Board, which affirmed the decision of the administrative law judge. In its current petition for review of these decisions, MeadowWood renews its arguments that it was in substantial compliance, that there was no evidence that its residents were in immediate jeopardy, and that it was being held to a strict liability standard for events over which it did not have notice or control.

### DISCUSSION

Judicial review of decisions under 42 U.S.C. § 1320a-7a(e) is limited to determining whether the findings are supported by substantial evidence and whether the proper legal standards were employed. "Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In our review, we do not consider the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Myers v. Secretary of Health & Human Services*, 893 F.2d 840, 842 (6th Cir. 1990) (internal citations omitted).

After careful review of the administrative record and the record on appeal, we conclude that there was substantial evidence to support the decision of the administrative law judge to affirm the imposition of penalties under 42 C.F.R. §483.25(h)(1).    Moreover, we find no basis for MeadowWood's claim that it was held to a standard of strict liability.  In addition to the evidence supporting a finding of immediate jeopardy with regard to two of the residents, the administrative law judge found that 12 other beds were being maintained in an unsafe condition, that nursing home aides were not properly operating the beds, and that there was no evidence of a routine maintenance program.  The judge also found that MeadowWood had not presented credible evidence to the contrary.

In reviewing the decision of the administrative law judge, the appeals panel likewise rejected the provider's argument that it was being held to a strict liability standard:

> The sequence of the events relating to Resident 2 discredits MeadowWood's claims that only a strict liability standard could lead to holding it responsible for the failures of the bed rails because the events were unpredictable. . . .  Far from imposing a strict liability standard, the ALJ's treatment of the allegations relating to Resident 3 illustrates that he considered carefully whether each accident or hazard presented foreseeable risks that MeadowWood could practicably have prevented.

We likewise conclude that the factual record is replete with evidence that MeadowWood was on notice that the condition of the beds in its facility posed a risk of injury to the residents and could have taken steps to avoid the harm that befell at least two of them as a result of the unsafe conditions that existed in the nursing home. We thus find no merit to MeadowWood's attempt to re-cast what is essentially a dispute of fact into a legal issue – indeed, we think that the strict liability argument is essentially a red herring.

Moreover, even without the deference normally accorded to determinations by the Secretary in administrative proceedings such as this, we conclude that the record contains substantial evidence to sustain the decision to impose the remedies at issue.

### *CONCLUSION*

For the reasons set out above, we AFFIRM the decision of the Secretary finding MeadowWood Nursing Home in non-compliance with 42 C.F.R. § 483.25(h)(1) and imposing civil monetary penalties therefor.