Walter E. HAYDEN, individually and d.b.u. the fictitious firm name and style of Hayden Map Company, Appellant,

v.

CHALFANT PRESS, INC., a corporation, Joseph Beets, a/k/a Joe Beets, Jack Fair, Robert Frank, Dewey Kirk, Benno Heune, Allan O'Connor, Lorin Ray, and Todd Watkins, Appellees.

No. 16706.

United States Court of Appeals Ninth Circuit.

Aug. 10, 1960.

Maury, Larsen & Hunt, Los Angeles, Cal., and Porter C. Blackburn, Burbank, Cal., for appellant.

Lyon & Lyon, Los Angeles, Cal., for appellees.

Before STEPHENS and JERTBERG, Circuit Judges, and KILKENNY, District Judge.

JERTBERG, Circuit Judge.

This is an action for infringement of copyright instituted by appellant against appellees in which appellant sought injunctive relief against future use of certain maps copyrighted by appellant and damages for profits for past use. The relief sought was denied by the district court, sitting without a jury. Hayden v. Chalfant Press, Inc. et al., 177 F.Supp. 303.

Jurisdiction of the district court was based upon the United States Constitution, Article I, Section 8, clause 8, and Title 17 U.S.C.A. § 101 et seq. and Title 28 U.S.C.A. § 1338. This Court's jurisdiction to review is grounded on the provisions of Title 17 U.S.C.A. § 114, and Title 28 U.S.C.A. §§ 1291 and 1294.

Initially we will dispose of certain specifications of error, some of which appellant has chosen to group under the heading "Interlocutory Rulings on Discovery and Failure to Hold Pretrial Proceedings * * *" and others appear under the heading "The Judge's Prejudgment and Aversion to Appellant."

During the course of discovery proceedings appellant sought by way of depositions and interrogatories to discover facts which might lead to evidence of damages which appellant may have sustained by reason of the alleged infringement of his copyrighted maps. The district court sustained objections interposed to such line of inquiry. It was the view of the district court that the issue of liability should first be determined, the court indicating that in the event of establishment of liability a master would be appointed to take testimony on the issue of damages. In this connection we note that the trial court in proper circumstances has the right to order separate trials for separate issues in the same case. Federal Rules of Civil Procedure 42(b), 28 U.S.C.A.; Marks Food Corp. v. Barbara Ann Baking Co., 9 Cir., 1959, 274 F.2d 934. We are unable to see any prejudice which appellant suffered or could have suffered by reason of the court's action. We find no abuse of discretion on the part of the trial judge. Appellant complains that no pretrial proceedings were ever had or ordered by the district court. This, again, is a matter which rests within the discretion of the district court. Rule 16, Federal Rules of Civil Procedure, Title 28 U.S.C.A., provides that "In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider" simplification of issues, desirability of amendments to the pleadings, the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, the possibility of a preliminary reference of issues to a master for findings, and such other matters as may aid in the disposition of the action. The Rules of the United States District Court for the Southern District of California, as amended to April 11, 1957, West's Ann.Code, provide in Rule 9 that after a civil action is at issue, unless the court or the judge in charge of the case otherwise directs, the clerk shall place the cause on for pretrial conference. Although the court did not otherwise di-

rect, no pretrial proceedings were held in the instant case. It does not appear in the record that the appellant requested proceedings under local Rule 9, or Rule 16 of the Federal Rules of Civil Procedure. He cannot now be heard to complain. In any event, whether the pretrial procedure should be adopted in a particular court is a matter resting in the sound discretion of the trial court.

 Under the heading of "The Judge's Pre-judgment and Aversion to Appellant", appellant quotes isolated comments and remarks of the trial judge which were made during the progress of the trial. Appellant urges that such remarks and comments indicate that the trial judge failed to understand or grasp appellant's position in respect of questions of law and fact which arose during the trial, and that the trial judge developed an early dislike of appellant. In reviewing the proceedings of a trial court we must bear in mind that the trial of a lawsuit is not conducted in a vacuum. A lawsuit is an adversary proceedings. All who participate therein are human beings. Each judge has his own method of trying a lawsuit. There cannot be devised a standardized strait-jacket method to be followed by judges in the course of trying a lawsuit. We do not intend to fashion one in this case. Suffice it to say that on the entire record in this case we are satisfied that the able and experienced trial judge fully understood the issues of law and fact involved in this case, and that his rulings and final judgment were in no way tainted by any like or dislike for any participant in the trial.

Appellant is a cartographer living in Los Angeles, California, and has devoted the better part of the last forty years to the making of maps of the hunting and fishing areas of the California High Sierras located in portions of Inyo and Mono Counties of California. The appellant's maps involved in this litigation were copyrighted in 1933, 1934, 1936, 1938 and 1950, and were the result of appellant's individual effort surveying and depicting much information not then represented on maps in the public domain.

This infringement action was brought against two groups of persons. The first group, collectively referred to as the Chalfant Press, published in 1955, 1956, 1957 and 1958 copies of an "Inyo-Mono Fishing and Vacation Guide." This guide cost seventy-five cents a copy in 1955 and 1956, and one dollar a copy in 1957 and 1958, and varied from 164 pages in 1955 to 240 pages in 1958. Appellant asserted that four maps contained in each issue of the guide were copied from his copyrighted maps. The second group, collectively referred to as the Mono County Chamber of Commerce, published in 1957 a small, one sheet "Recreation Map of Mono County, California," which was distributed gratuitously to anyone interested in vacationing in Mono County, California. This map contained some sixty-two small advertisements, the return from which was devoted to the cost of the publication of the map. Appellant asserted that the one map contained in the advertising sheet was copied from his copyrighted maps. This latter publication was not a money making commercial venture, as were the former publications of the Chalfant Press. The appellant first asserted his claims of copyright infringement by separate letters to both groups dated June 12, 1957.

At the trial of this cause, appellant tendered proof of some 234 similarities between his copyrighted maps and those of the appellees, and asserted that at least 234 separate, individual infringements existed. It is important to note, however, that each one of these similarities involved the name of some geographic locus (193 constituted names of lakes, creeks or springs), or the name of some commercial tourist establishment located in the area covered by the copyrighted maps. It was the testimony of appellant that each and every one of the 234 place names above noted was first printed on his maps before being printed on any other maps of the area. In con-

nection with the naming of places and the printing of such names on maps, appellant testified that he had named 1500 lakes in the California High Sierras. The trial court determined that such similarities did exist as a matter of fact, and that there were many dissimilarities.

In addition to the 234 similarities, appellant also tendered proof that there were 43 common errors extant on both his maps and those of appellees. No other witness or exhibit was offered to prove that the asserted "common errors" were in fact errors, such claim resting solely on the appellant's testimony. Apparently the trial court placed no credence in appellant's testimony in this respect. Due regard must be given by this Court to the opportunity of the trial court to judge of the credibility of the witnesses. Rule 52(a), Federal Rules of Civil Procedure.

The appellant offered no direct proof of copying, relying on the existence of the above noted similarities and alleged common errors to establish circumstantially that his maps had been copied by the appellees.

The appellees in their answer denied the validity of appellant's copyrights, denied infringement, and alleged that source material for maps circulated and published by them was in the public domain.

At the trial the appellees denied that they had copied appellant's copyrighted maps to produce the accused maps, and offered testimony that they had, with permission from the Automobile Club of Southern California, copied their maps from certain outing maps prepared by said Automobile Club. Proof was also offered by appellees to the effect that the Automobile Club maps were the result of independent production and were in no wise a result of copying appellant's maps. This proof consisted of the testimony of an Automobile Club employee, who had been associated with the Automobile Club for 38 years, and who had spent the last 21 of those years in the map production department, of which he was

manager. He described the system employed by the Automobile Club in the preparation of maps depicting certain areas. Briefly, the first step was to trace on tracing cloth all of the desired basic information from United States Geological Survey and Forest Service maps in the public domain. This was done at the Club headquarters in Los Angeles. An outing team (driver, cook and cartographer) then went into a given area in a trailer to do field surveying and gather additional information for the outing maps. This additional information thus gathered was plotted on the tracing in the field. When the field crew had completed each mapping assignment, the original tracing was returned to Club headquarters, where the maps were lettered, indexed, etcetera, and finally were produced. The Automobile Club published three outing maps of the High Sierra regions. The map of the Inyo-Sierra region was first copyrighted in 1939. The map of the Inyo-Sequoia region was first copyrighted in 1940. The map of the Mono-Stanislaus region was first copyrighted in 1942.

The first outing maps of the Automobile Club of the area involved in this litigation were copyrighted and published in 1939, as above noted, and over 500,000 of these maps were published by the Automobile Club from the date of the original publication up to the time of the trial.

In the findings of fact the trial court found appellant to be the owner of the copyrights set forth in his complaint; that the maps of appellant contained copyrightable subject matter; that the accused maps of appellees were not copied from any of the appellant's maps; that the appellees' maps were traced from maps of the region published by the Automobile Club of Southern California, with permission of said Club; that the Automobile Club maps were independent productions from field data gathered by representatives of the Automobile Club and the use of topographical maps of the United States and other public domain materials; that the Au-

tomobile Club maps from which appellees copied the accused maps were not copied from appellant's maps; that similarities between the Automobile Club's maps and the appellant's maps are the result of the fact that both are maps of the same geographical area, and not of any copying, and that there are numerous dissimilarities between said maps; that appellant knew of the publication of the Automobile Club maps of the type copied by appellees as early as 1940; that approximately 500,000 Automobile Club maps have been published by the Automobile Club of Southern California since 1940; that appellant made no protest to the Automobile Club of Southern California concerning its circulation since 1940 of the maps of the type copied by appellees. As conclusions of law the trial court found that appellant's copyrights of his maps are valid; that the accused maps do not constitute an infringement of appellant's copyrighted maps; that the maps of the Automobile Club of Southern California from which appellees' maps were copied do not constitute an infringement of appellant's copyrighted maps; that appellant by his failure, with knowledge of the existence of the Automobile Club maps, to claim infringement over a long period of years while said maps were being distributed by the hundreds of thousands, is estopped to claim infringement by any of the appellees to whom the Automobile Club gave permission to copy its maps. By its judgment the trial court decreed the plaintiff to be the owner of the copyrights on the maps prepared and issued by him, together with all rights of action for infringement thereof; that the copyrights of appellant are valid; that none of the appellees infringed the copyrights owned by appellant; and that appellant is estopped to assert infringement by appellees of his copyrights.

■■ In view of the fact that the judgment is based on two grounds, namely, estoppel, and absence of infringement, the judgment must be affirmed if supportable on either ground. We have reached the conclusion that the judgment must be affirmed on the ground of absence of infringement, which makes it unnecessary for us to consider the contentions of appellant relating to estoppel.

Appellant's remaining contention is that the trial court erred in its application of the law of copyright to the facts of the case. Appellant argues that his proof of similarities and common errors established a prima facie case of infringement which the appellees failed to rebut, and that the evidence was insufficient to support a finding that the maps of the Automobile Club were the result of independent production. These arguments are basically factual assertions. The findings of the trial court must be sustained unless they are clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure.

■ We will first consider the similarities common to maps of appellant and appellees. In doing so we must consider the type or kind of similarities which exist. In short, appellant's contention reduces itself to the claim that having christened lakes, creeks, streams, and other geographic loci, and commercial establishments, and having first depicted such names on copyrighted maps, that he thereby became entitled to protection against the use of such names by later cartographers. With such contention we cannot agree. In our view, once appellant had christened a geographic location, and depicted such name on a copyrighted map, such name may be used with impunity by later cartographers, and such name is not a part of the protected portion of the copyright.

Similarities in the case at bar are quite different from those found in General Drafting Co. v. Andrews, 2 Cir., 1930, 37 F.2d 54, on which case appellant heavily relies. In that case, the similarities were of style and appearance of the data depicted. In the instant case, however, none of the similarities was of any feature peculiar to appellant's maps, but were only of names of lakes, creeks, springs, etc., or some commercial establishment which appellant may have christened, and which names became sub-

ject to common usage by inhabitants of and visitors to the area.

In considering appellant's argument concerning the existence of common errors, we are conscious of the fact that in this type of case, which deals with representations of true facts rather than creation of imaginative facts, the existence of common errors is one of the most persuasive proofs of copying, second only to direct evidence of copying. Frank Shepard Co. v. Zachary P. Taylor Pub. Co., C.C.W.D.N.Y.1911, 185 F. 941, affirmed 2 Cir., 1912, 193 F. 991; W. H. Anderson Co. v. Baldwin Law Pub. Co., 6 Cir., 1928, 27 F.2d 82, 87; Adventures in Good Eating v. Best Places to Eat, 7 Cir., 1942, 131 F.2d 809. Appellant's argument assumes that there is in the record credible proof of common errors. In this case it is clear the trial court did not believe appellant's testimony concerning the so-called common errors. No other witness was called to corroborate his testimony in this respect, and there is nothing else in the record to show that there are, in fact, such errors. The appellant's unsupported statement was rejected by the trial court, as was its privilege. Quock Ting v. United States, 1891, 140 U.S. 417, 420–421, 11 S.Ct. 733, 35 L.Ed. 501.

The burden of proof was upon the appellant to establish copying by a preponderance of the evidence. In finding absence of copying the court considered all of the evidence in the case, and we are unable to say that the finding of the trial court that there was no copying is clearly erroneous. "Absent copying there can be no infringement of copyright." Mazer v. Stein, 1954, 347 U.S. 201, 218, 74 S.Ct. 460, 471, 98 L.Ed. 630.

Finally, we consider appellant's contention that the finding of the trial court that the Automobile Club outing maps were the result of an independent production is not sustained by the evidence. This claim is founded on the objection, raised for the first time on this appeal, that much of the testimony of the witness from the Automobile Club was inadmissible to prove independent production because it was hearsay. It is well settled that hearsay evidence which is admitted without objection and without a motion to strike may be considered by the trier of fact. Diaz v. United States, 1911, 223 U.S. 442, 450, 32 S.Ct. 250, 56 L.Ed. 500; Gibson v. Elgin, Joliet & Eastern Railway Co., 7 Cir., 1957, 246 F.2d 834, certiorari denied 1958, 355 U.S. 897, 78 S.Ct. 270, 2 L.Ed. 2d 193. The record is clear that appellant neither objected to the witness' testimony at the time it was offered nor did he make a motion to strike that evidence before or after cross examination. While the cross examination may have affected the weight to be given to the evidence, nevertheless the trier of fact was entitled to consider such evidence and give it such weight as under all of the circumstances of the case appeared to be proper.

The trial court found as a fact that the Automobile Club maps were the result of independent production. We have carefully examined the entire record in this case, including a patient examination of all of the exhibits. We are unable to say that the finding of the trial court was clearly erroneous.

Appellant suggests that the trial court erred in taxing as costs mileage of witnesses for a great deal more than 150 miles each. Apparently it is appellant's position that mileage of witnesses to be taxed as costs is limited to 100 miles. This appears to be the rule relative to witnesses attending courts of the State of California. Del Mar Canning Co. v. Pacific G. & E. Co., 1941, 44 Cal.App.2d 718, 112 P.2d 953. It is not the rule in respect to witnesses attending upon courts of the United States. See opinion of this Circuit in Kemart Corporation v. Printing Arts Research Lab., 9 Cir., 1956, 232 F.2d 897, 57 A. L.R.2d 1234, wherein it is held that where witness entered judicial district at point some 250 miles from place of trial, he became amenable to process at such point and became entitled to recover his

mileage from such point, and the 100-mile limitation was not applicable. We hold that the district court did not err in the taxation of costs in the respect complained of.

As previously indicated, we express no opinion as to the propriety of invoking the doctrine of estoppel under the circumstances of this case, as the judgment must be affirmed on the court's finding that there is no infringement.

Judgment affirmed.