**Renate Luise MARLOWE, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 71–2589.**

United States Court of Appeals, Ninth Circuit.

March 28, 1972.

Rehearing Denied May 12, 1972.

Alden F. Houck, of Utley & Houck, Los Angeles, Cal., Peter L. Flangas, Las Vegas, Nev., for petitioner.

William D. Keller, U. S. Atty., Matthew A. Schumacher, Frederick M. Brosio, Jr., Asst. U. S. Attys., Los Angeles, Cal., Stephen Suffin, San Francisco, Cal., Joseph Sureck, San Pedro, Cal., Will Wilson, Washington, D. C., for respondent.

Before KOELSCH, DUNIWAY and GOODWIN, Circuit Judges.

PER CURIAM:

Petitioner, an alien immigrant, has been ordered deported because she was found after an administrative hearing to have engaged in prostitution within the meaning of 8 U.S.C. §§ 1251(a) (12) and 1182(a) (12). She seeks judicial review of the finding of deportability by the Board of Immigration Appeals. We affirm.

Petitioner objected to the receipt into evidence of certain hearsay documents without foundation testimony from live witnesses. The strict rules of evidence governing the admissibility of hearsay in judicial proceedings are not applicable to administrative hearings. Richardson v. Perales, 1971, 402 U.S. 389, 400, 402, 91 S.Ct. 1420, 28 L.Ed.2d 842; Navarrette-Navarrette v. Landon, 9 Cir., 1955, 223 F.2d 234, 237, cert. denied, 351 U.S. 911, 76 S.Ct. 700, 100 L. Ed. 1444. The documents which were admitted—an Immigrant Visa and Alien Registration form filled out by petitioner when she entered the United States and a Report of Investigation containing petitioner's registration as a prostitute with the Ely, Nevada, Police Department—were probative and their use was not fundamentally unfair so as to deprive petitioner of due process.

The evidence presented at the deportation hearing was reasonable, substantial and probative, and supported a finding by the Board of Immigration Appeals that petitioner had engaged in prostitution and so was deportable.

Affirmed.