James L. CALHOUN, Plaintiff-Appellant,

v.

Benjamin F. BAILAR, Postmaster General of the United States, Defendant-Appellee.

No. 78–1705.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 1980.

Decided Aug. 27, 1980.

Howard Moore, Jr., Moore & Bell, Oakland, Cal., for plaintiff-appellant.

George Christopher Stoll, Asst. U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before WALLACE and FARRIS, Circuit Judges, and KARLTON,* District Judge.

KARLTON, District Judge.

Plaintiff challenges his discharge for falsifying mail volume records on the ground that the administrative findings were not supported by substantial evidence. He appeals from the district court's entry of summary judgment. The issue he posits on appeal is whether or not hearsay statements, subsequently disavowed on direct examination, constitute "substantial" evidence sufficient to support the administrative determination.

---

* The Honorable Lawrence K. Karlton, United States District Judge, Eastern District of California, sitting by designation.

This Court's review function in administrative discharge cases is limited "to a determination that the applicable procedures have been complied with and that the dismissal was supported by substantial evidence and was not arbitrary and capricious." *Alsbury v. U. S. Postal Service* (9th Cir. 1976) 530 F.2d 852, 854, *cert. denied* 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91. See also 5 U.S.C. 706. We do not try the case de novo, and are limited to the record before us. Because the affidavits questioned here were admitted into evidence without objection, were not the subject of a motion to strike, and had "rational probative force" (See *Richardson v. Perales* (1971) 402 U.S. 389, 407–408, 91 S.Ct. 1420, 1430–1431, 28 L.Ed.2d 842), we now affirm.

## I

## FACTS

For our purposes, the facts may be briefly summarized. Plaintiff was Acting Tour II Superintendent at the Rincon Annex of the United States Post Office in San Francisco. His duties included the supervision of several postal clerks engaged in compiling and reporting information on the volume of mail handled by various distribution operations at Rincon Annex. He was charged with the falsification of mail volume records, or with directing his subordinates to falsify the records and, after an administrative hearing and appeal, discharged.

The Notice of Removal served upon Appellant (See 5 U.S.C. 7513(b)(1)) relied upon the affidavits of four of his subordinates. Three of the affiants aver that they had either falsified records at Appellant's direction or had observed him directing others to falsify the records.[1]

At the administrative hearing the officer who took the affidavits laid a proper foundation for their admission, testifying that each affiant was warned both orally and in writing of his or her constitutional rights and was given an opportunity to review and revise the statement before swearing to it. The affidavits were received into evidence without objection. No later motion to strike the affidavits was made.

On direct examination each of the affiants attempted to disavow his or her affidavit. Affiant Scroggins completely disavowed the affidavit on direct examination but refused to answer any questions on cross examination, presumably on self-incrimination grounds. Evidence was later admitted that clearly contradicted his statement on direct examination that he had never reweighed mail. Additionally, another witness, Inspector Johns, testified that Scroggins had admitted to him that he had reweighed mail at Appellant's behest.

Affiant Gaffey denied on direct his averment that he had been promised additional overtime or a step increase in salary in return for falsifying the records, but otherwise apparently affirmed his averment that Appellant directed him to falsify records.[2]

Affiant Whitley totally disavowed her affidavit and testified that she was coerced into signing it.

Inspector Johns was the only other major witness. He testified that he had observed widespread falsification during Appellant's tenure as supervisor, and introduced statistical evidence that tended to show falsification in Appellant's unit. Other evidence corroborated Johns' testimony that falsification was occurring, although this testimony, like Johns', did not directly tie the falsification to Appellant.

---

**1.** The district court arguably relied upon a fifth affidavit of one Kleinman, despite an allegedly express stipulation between the attorneys for plaintiff and defendant that said affidavit would not be introduced as evidence. We need not reach this issue so long as there was substantial evidence sufficient to uphold the administrative discharge. "District court review of agency action is generally accorded no particular deference, because the district court, limited to the administrative record, is in no better position to review the agency than the court of appeals." *Asarco, Inc. v. U. S. E. P. A.* (9th Cir. 1980) 616 F.2d 1153, 1161.

**2.** Although it is less than wholly clear what was affirmed and what was disavowed, it appears that Gaffey did not disavow his averment that Appellant directed him to falsify records.

As noted, Appellant did not challenge the admissibility of the affidavits at any time during the administrative process. At most, he argued the weight that should be given to the affidavits. The hearing examiner found that the affidavits were more credible evidence than the statements made on direct examination, in part because of the witnesses' refusal to answer questions put in cross examination and because portions of the affidavit were corroborated by other evidence. This conclusion was sustained by the Appeals Review Board.

II

DISCUSSION

There is no question that the statements in the affidavits would constitute substantial evidence if they were introduced as direct testimony. The affidavits individually and cumulatively support a finding that Appellant was involved in the falsification of records. Indeed, Appellant concedes that the affidavits themselves would be sufficient to support a finding if they were uncontradicted. Appellant argues, however, that hearsay statements disavowed by a declarant can never supply substantial evidence. We decline to adopt such a rigid rule, both because it is unnecessary to the resolution of this case and because the substantial evidence test is quintessentially a case-by-case analysis requiring review of the whole record. See K. Davis, *Administrative Law of the Seventies* (1976) § 14.11. Nevertheless, the case does raise important and difficult questions concerning the procedure for dealing with administrative hearsay evidence.

■ We begin with a recognition that strict rules of evidence do not apply in the administrative context. See *Marlowe v. Immigration and Naturalization Service* (9th Cir. 1972) 457 F.2d 1314, 1315 (per curiam); *Navarrette-Navarrette v. Landon* (9th Cir. 1955) 223 F.2d 234, 237, *cert. denied* 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed.

1444. Indeed, the Administrative Procedure Act provides that "*Any* oral or documentary evidence may be received, but every agency shall as a matter of policy provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence. A sanction may not be imposed or rule or order issued except on consideration of the whole record or those parts thereof cited by a party and supported by and in accordance with the reliable, probative, and substantial evidence." 5 U.S.C. § 556(d). (Emphasis added.) See K. Davis, *Administrative Law Treatise* § 14.05. Applicable regulations provide that "Rules of evidence are not applied strictly. . . ." 5 CFR § 771.-116(f)(3).

■ Perhaps the classic exception to strict rules of evidence in the administrative context concerns hearsay evidence. Not only is there no administrative rule of automatic exclusion for hearsay evidence, but the only limit to the admissibility of hearsay evidence is that it bear satisfactorily indicia of reliability. We have stated the test of admissibility as requiring that the hearsay be probative and its use fundamentally fair. See *Hoonsilapa v. Immigration and Naturalization Service* (9th Cir. 1978) 575 F.2d 735, 738, modified 586 F.2d 755; *Marlowe v. Immigration and Naturalization Service, supra; Martin-Mendoza v. Immigration and Naturalization Service* (9th Cir. 1974) 499 F.2d 918, 921, *cert. denied* 419 U.S. 1113, 95 S.Ct. 789, 42 L.Ed.2d 810, *rehearing den.* 420 U.S. 984, 95 S.Ct. 1417, 43 L.Ed.2d 667. See also *Richardson v. Perales, supra,* 402 U.S. at 407–408, 91 S.Ct. at 1430–1431.[3]

■ Thus, it is not the hearsay nature *per se* of the proffered evidence that is significant, it is its probative value, reliability and the fairness of its use that are determinative. *Richardson v. Perales, supra,* illustrates the appropriate analysis. In that case the issue was whether physicians'

---

3. Appellant's reliance on National Labor Relations Board cases is misplaced since those actions are guided by 29 U.S.C. 160(b) which requires that "so far as practicable" rules of evidence should be followed. See *NLRB v. Amalgamated Meat Cutters* (9th Cir. 1953) 202 F.2d 671, 673; 32 A.L.R.Fed. 838.

written reports of the medical examinations they had made of a disability claimant could constitute substantial evidence to support a finding of nondisability "when the claimant *objects to the admissibility of those reports and when the only live testimony is presented by his side and is contrary to the reports.*" Id., 402 U.S. at 390, 91 S.Ct. at 1422. (Emphasis added.) The Court rejected a rigid rule and held that the proffered hearsay evidence could constitute substantial evidence. In doing so, the Court explained that there could be no blanket rejection of administrative reliance on hearsay evidence irrespective of reliability and probative value. *Id.* at 407–408, 91 S.Ct. at 1430–1431.[4]

Although *Richardson* arose in the context of a Social Security hearing, various courts have followed its reasoning to hold that hearsay, if reliable and credible, could constitute substantial evidence in a variety of administrative settings. See, e. g. *McKee v. United States* (1974) 500 F.2d 525, 528, 205 Ct.Cl. 303 (Board of Contract Appeals); *Reil v. United States* (1972) 456 F.2d 777, 780, 197 Ct.Cl. 542 (Civil Service Commission employee discharge); *School Board of Broward City v. HEW* (5th Cir. 1976) 525 F.2d 900, 905–907 (challenge to order of Department of HEW); but Cf. *Bethlehem Steel Corp. v. Clayton* (5th Cir. 1978) 578 F.2d 113.

■ We too reject any *per se* rule that holds that hearsay can never be substantial evidence. To constitute substantial evidence, hearsay declarations, like any other evidence, must meet minimum criteria for admissibility—it must have probative value and bear indicia of reliability. Although no bright line test can be established, cases isolate a number of factors that may be helpful in such an analysis. First, as *Richardson* teaches, the independence or possible bias of the declarant must be considered as

well as the type of hearsay material submitted. In *Richardson*, the Court laid great stress on the fact that the reports were independent medical reports routinely prepared and submitted in disability cases. *Id.,* 402 U.S. at 402–407, 91 S.Ct. at 1427–1430. Other factors that should be considered are whether the statements are signed and sworn to as opposed to anonymous, oral, or unsworn (See, e. g. *Martin-Mendoza v. Immigration and Naturalization Service, supra; McKee v. U. S., supra* ), whether or not the statements are contradicted by direct testimony (*School Board of Broward City v. HEW, supra; Jacobowitz v. U. S.* (1970) 424 F.2d 555, 191 Ct.Cl. 444), whether or not the declarant is available to testify and, if so, whether or not the party objecting to the hearsay statements subpoenaes the declarant (See *Richardson v. Perales, supra* ), or whether the declarant is unavailable and no other evidence is available (*Martin-Mendoza v. Immigration and Naturalization Service, supra; McKee v. U. S., supra* ), the credibility of the declarant if a witness, or of the witness testifying to the hearsay (*Reil v. U. S., supra* ), and finally, whether or not the hearsay is corroborated. Although not controlling, the Federal Rules of Evidence 803(24) standards for the admission of hearsay not specifically covered by any exception but bearing "circumstantial guarantees of trustworthiness" may be of assistance.

■ There remains only the question of the appropriate vehicle for application of these factors. As noted, hearsay evidence, once admitted, may be relied upon by the agency in many circumstances. The test of reliability requires an examination of many factors including credibility. Reviewing courts must take the record as they find it in administrative cases and thus have no opportunity to develop the record. A rule which requires administrative consideration

---

4. *Richardson* expressly rejected any contrary holding that might be distilled from dicta in *Consolidated Edison Co. v. NLRB* (1938) 305 U.S. 197, 229–230, 59 S.Ct. 206, 216–217, 83 L.Ed. 126. In *Willapoint Oysters v. Ewing* (9th Cir. 1949) 174 F.2d 676, *cert. denied* 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527, rehearing den.

339 U.S. 945, 70 S.Ct. 793, 94 L.Ed. 1360, this Court relied upon *Consolidated Edison* to hold that hearsay alone, or even hearsay corroborated by a mere scintilla could never provide substantial evidence to support an administrative finding. *Id.* at 690–691. *Richardson*, of course, clearly disapproves such a rule.

of probative value and reliability in the first instance comports with common sense and the limited review of administrative actions. Such a rule would also comport with the general rule that hearsay admitted without objection is ordinarily given its normal probative effect. See K. Davis, *Administrative Law Treatise* § 14.05 at 275 n. 8; Cf. *Hayden v. Chalfant Press, Inc.* (9th Cir. 1960) 281 F.2d 543, 548. See generally 79 A.L.R.2d 890.

■ We therefore hold that hearsay evidence admitted without objection or later motion to strike may constitute substantial evidence in like manner as any other evidence. This rule encourages the full development of the record and allows the administrative examiner to determine questions of reliability and probative value in the first instance. If the hearing examiner overrules an objection or a motion to strike, the reviewing court is nonetheless presented with a developed record.

■ We note that a motion to strike is an entirely appropriate means of raising the question of whether hearsay, although admissible ab initio, should nonetheless be stricken because it will form the basis of the decision and is insufficiently reliable for that purpose. Since some of the factors relevant to determining the reliability of hearsay include whether or not it is contradicted or corroborated, as well as whether witnesses are credible, objection need not be made at the time the hearsay evidence is proffered. A motion to strike made at the close of evidence allows the hearing examiner to consider the entire record. Cf. *Hayden v. Chalfant Press, Inc., supra.* Additionally, a motion to strike at the close of the evidence provides the Administrative Law Judge with a full opportunity to evaluate the centrality of the hearsay to the disposition of the matter. Clearly, the more central the hearsay is to the agency's case, the more serious the question of basic fairness and the more critical the question of reliability may become. In *Richardson v. Perales, supra,* the Court listed nine cumulative factors that indicated reliability; while there is nothing magical in the number, it is important that the Administrative Law Judge critically examine the issues of fairness and reliability on the record so that reviewing courts can determine from the record that the duty has been discharged.

■ In the present case, no objection was made to the admission or consideration of the hearsay affidavits at any stage of the administrative proceedings. Accordingly, we must give the affidavits their natural probative effect without regard to their hearsay character. As such, the affidavits clearly provide substantial evidence to support the discharge. Although the affidavits are contradicted and partially repudiated by other testimony, we have long held that credibility issues should be resolved by the trier of fact and not be disturbed on appeal (See, e. g. *Young Ah Chor v. Dulles* (9th Cir. 1959) 270 F.2d 338), and that where "there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made." *Rhinehart v. Finch* (9th Cir. 1971) 438 F.2d 920, 921.[5]

Accordingly, the judgment of the district court is affirmed.

---

5. Obviously in so saying we do not mean to suggest that we would weigh the evidence in the same manner as the administrative examiner did or that we would arrive at the same conclusion. Moreover, we do not suggest that had the objection been raised either the hearing examiner or this court would have arrived at the same conclusion as to whether the affidavits did possess sufficient indicia of reliability so that the decision could properly rest upon them.