8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John J. MARICK, Petitioner,
v.
COMMODITY FUTURES TRADING COMMISSION, Respondent.
 No. 92-70277.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided Oct. 21, 1993.
 
 1
 Before: SKOPIL, HALL, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 John J. Marick appears pro se seeking review of an order of the Commodity Futures Trading Commission (CFTC). CFTC summarily affirmed the decision of the Administrative Law Judge, rejecting Marick's claims that Dean Witter Reynolds, Inc. and Wayne Brannon violated the Commodity Exchange Act, 7 U.S.C. §§ 1-24 (1988). Marick contends that the ALJ erred by rejecting his claims of churning, making certain evidentiary rulings, and refusing to reopen the case. We reject these contentions and we affirm.
 
 DISCUSSION
 A. Jurisdiction
 
 4
 CFTC questions whether Marick timely filed his petition for review. We previously granted Marick's motion to file a late petition for review and denied CFTC's motion to dismiss the appeal. Although we are not prohibited from reexamining our ruling, Hard v. Burlington Northern R.R. Co., 870 F.2d 1454, 1458 (9th Cir.1989), we decline to do so. Even assuming that a question remains regarding our appellate jurisdiction, we may nevertheless reach the merits of this case. See Clow v. HUD, 948 F.2d 614, 616 & n. 2 (9th Cir.1991).
 
 B. Merits
 1. Churning
 
 5
 To establish churning, "a complainant must not only show that his account was traded excessively in light of his objectives, he must also show that the trading was controlled by the broker." Morris v. CFTC, 980 F.2d 1289, 1295 (9th Cir.1992) (internal quotations omitted). Even if we assume that excessive trading occurred, Marick failed to show that Brannon or Dean Witter controlled his account.
 
 
 6
 The ALJ found that Marick is an experienced, sophisticated trader of commodities who knew what he wanted and sought to implement his investment goals, that Marick was in full control of his account at all times, and that Brannon was "an unusually candid and forthright witness" whose testimony was "true and accurate." The ALJ credited Brannon's testimony that he refused Marick's request that Brannon manage the account. The ALJ rejected Marick's testimony that he did not understand the risk involved in trading the Dean Witter account.
 
 
 7
 Credibility determinations made by an ALJ are given great deference and are upheld unless they are inherently incredible or patently unreasonable. Dohmen-Ramirez v. CFTC, 837 F.2d 847, 856 (9th Cir.1988). The ALJ's findings that Brannon's testimony was truthful and Marick's testimony was not truthful are neither incredible nor unreasonable. The finding that Marick controlled his account is therefore supported by the weight of the evidence, precluding a finding of liability for churning.
 
 2. Evidentiary Rulings
 
 8
 Marick contends that the ALJ improperly excluded evidence, improperly admitted evidence from Dean Witter and Brannon, and improperly allowed surprise evidence. We must reject these contentions. The strict rules of evidence do not apply in an administrative context. Calhoun v. Bailar, 626 F.2d 145, 148 (9th Cir.1980), cert. denied, 452 U.S. 906 (1981). Rather, the ALJ is permitted to make reasonable determinations on the admissibility of materials. 5 U.S.C. § 556(d) (1988); Second Taxing Dist. of City of Norwalk v. FERC, 683 F.2d 477, 485 (D.C.Cir.1982). Marick nevertheless argues that the ALJ improperly allowed hearsay evidence. The only limitation on the admissibility of hearsay evidence in an administrative setting, however, is that it be probative and its use be fundamentally fair. Calhoun, 626 F.2d at 148; see also Gimbel v. CFTC, 872 F.2d 196, 199 (7th Cir.1989). There was no error in the ALJ's evidentiary rulings.
 
 3. Monthly Statements
 
 9
 Marick contends that the ALJ erred by failing to conclude that monthly and holding sheet statements were inaccurate and fraudulent. Although the ALJ found that the account statements were inaccurate in one instance, he concluded that there was no evidence that Marick relied on that misstatement or that it caused any damage to him. A complainant must establish that the injury was proximately caused by a violation of the Act. 7 U.S.C. § 18(a) (Supp.1992). Marick has failed to make that showing, and accordingly we must reject his argument.
 
 4. Motion to Reopen
 
 10
 Marick argues that the "hearing officer" improperly refused to reopen the proceedings to consider post-hearing evidence. A party may request leave to adduce additional evidence at any time prior to the issuance of CFTC's final decision. 17 C.F.R. § 12.405 (1991). The request must show "that the additional evidence is material, and that there were reasonable grounds for failure to adduce such evidence at the hearing." Id. Agencies have broad discretion in determining whether to reopen a proceeding. Alaska Steamship Co. v. Federal Maritime Comm., 356 F.2d 59, 62-63 (9th Cir.1966). We conclude that CFTC did not abuse its discretion; Marick did not make a showing that the additional evidence was material and that there were reasonable grounds for his failure to present it during the hearing.
 
 5. Other Arguments
 
 11
 Marick raises several arguments for the first time in his reply brief. We decline to address these arguments. See Officers for Justice v. Civil Service Comm., 979 F.2d 721, 726 (9th Cir.1992) (court does not ordinarily consider matters not raised and argued in opening brief), cert. denied, 113 S.Ct. 1645 (1993); Dohmen-Ramirez, 837 F.2d at 859 (arguments not presented to CFTC are disregarded on appeal).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3