53 F.3d 331
 17 O.S.H. Cas. (BNA) 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
COMPLETE GENERAL CONSTRUCTION COMPANY, Petitioner,
v.
The OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, Robert
B. Reich, Secretary of Labor, Respondents.
 No. 94-3550.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1995.
 
 Before: KEITH and MARTIN, Circuit Judges; and SPIEGEL,* District Court Judge.
 PER CURIAM.
 
 
 1
 Complete General Construction Company ("CGC") has petitioned for review of the Secretary of Labor's March 25, 1994 final order in this case. The Secretary approved and incorporated in his order a settlement agreement between CGC and the Occupational Safety and Health Review Commission[1] concerning violations of the Occupational Safety and Health Act ("OSHA"). 29 U.S.C. Secs. 651-671 (1988 & Supp. 1994). The settlement agreement in turn incorporated an administrative law judge's March 9, 1994 decision affirming the citations to CGC for violating 29 C.F.R. Secs. 1926.106(a), (c) and (d), and one other citation not the subject of this appeal. CGC argues on appeal that the Secretary's interpretation of 29 C.F.R. Secs. 1926.106(a), (c) and (d) to apply to construction work performed over four and one half feet of water is not reasonable or consistent with the purpose of the Act and should be reversed as arbitrary, capricious, an abuse of discretion, and contrary to law. CGC argues further that the Secretary's decision is not supported by substantial evidence that a drowning hazard existed at its worksite. For the reasons set forth below, we AFFIRM the final order of the Secretary.
 
 
 2
 The parties agree as to the essential facts in this controversy. CGC is a construction company employing approximately 250 people with its principal office in Columbus, Ohio. On May 22 and 23, 1991, CGC was engaged in a bridge restoration project at the State Route 39 Bridge over the Black Fork Branch of the Mohican River near Lucas, Ohio. On these dates, OSHA Compliance Officer Anthony Giovagmoli conducted a programmed inspection of the State Route 39 bridge worksite. The bridge was found to be approximately eighty-five feet long, and the deck of the bridge approximately twelve and one half feet above the surface of the water. The depth of the Black Fork at the bridge was approximately four and one half feet. At the time of inspection there was relatively little current in the river. Finally, testimony by Giovagmoli and OSHA Safety Supervisor William Kremzar established that CGC had not provided perimeter fall protection for employees working at the edge of the bridge.
 
 
 3
 The administrative law judge decided that CGC had violated three subsections of 29 C.F.R. Sec. 1926.106 by not providing its employees at the bridge worksite with lifejackets, and by not having ring buoys or a lifesaving skiff on site. The relevant provisions of 29 C.F.R. Sec. 1926.106 provide:
 
 
 4
 1926.106 Working over or near water.
 
 
 5
 (a) Employees working over or near water, where the danger of drowning exists, shall be provided with U.S. Coast Guard-approved life jacket or buoyant work vests.
 
 
 6
 (c) Ring buoys with at least 90 feet of line shall be provided and readily available for emergency rescue operations. Distance between the ring buoys shall not exceed 200 feet.
 
 
 7
 (d) At least one lifesaving skiff shall be immediately available at locations where employees are working over or adjacent to water.
 
 
 8
 Although CGC admitted that it did not have this water safety equipment at the worksite, it contended that Sections 1926.106(a), (c), and (d) were inapplicable to this worksite because work performed over four and one half feet of water did not present a drowning hazard. The administrative law judge disagreed, finding that the Secretary had demonstrated a drowning hazard. Although CGC stipulated to the administrative law judge's determinations in the settlement agreement, which was then incorporated into the Secretary's final order, CGC now argues that the Secretary did not prove a drowning hazard by substantial evidence and that interpreting 29 C.F.R. Sec. 1926.106(a), (c) and (d) to apply to four and one half feet of water is arbitrary, capricious, an abuse of discretion and contrary to law.
 
 
 9
 We have jurisdiction to review the final order of the Secretary pursuant to 29 U.S.C. Sec. 660. The findings of the Commission are conclusive if they are supported by substantial evidence. Id. We said in National Eng'g & Contracting Co. v. OSHRC, 838 F.2d 815 (6th Cir. 1988), that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 817. In administrative adjudications, the administrative law judge may receive evidence that is not admissible in federal court under the Federal Rules of Evidence. Calhoun v. Bailar, 626 F.2d 145 (9th Cir. 1980), cert. denied, 452 U.S. 906 (1981). Furthermore, even in federal court, lay opinion on matters appropriate for expert testimony can be admissible if a witness has personal knowledge of the facts underlying his or her opinion, if the opinion is one a "normal person would form from those perceptions," and if the opinion is helpful in determining the facts. Soden v. Freightliner Corp., 714 F.2d 498, 511 (5th Cir. 1983) (citations omitted).
 
 
 10
 Here, the Secretary incorporated the administrative law judge's finding that a drowning hazard existed into its final order. In reaching its conclusion, the judge heard testimony from Giovagmoli and Kremzar. CGC argues that Giovagmoli and Kremzar were not qualified to give an opinion as to the existence of a drowning hazard. However, even if their testimony were characterized as "lay" opinion, it was admissible in the administrative proceeding. Giovagmoli, a safety engineer by training, had conducted almost twelve hundred OSHA inspections, including six involving water hazards, and Kremzar had supervised or conducted more than four thousand OSHA inspections, including more than sixty involving water hazards. Their testimony showed that there was no fall protection along the edge of the bridge and that the bridge was twelve and one-half feet above the surface of the water. They testified that a falling employee could easily be injured and/or lose consciousness in a twelve and one half foot fall. They concluded that, while a conscious employee may be able to wade out of four and one half feet of water, a disabled or injured employee would be in danger of drowning by the time another worker waded through up to forty feet of moving river water for the rescue. John Vonn, a CGC safety expert, testified that he knew of no accidents involving serious injury or death resulting from a twelve and one half foot fall into four and one half feet of water. Vonn, however, admitted on cross-examination that it was possible to drown in four and one half feet of water and that an employee falling head first could hit the bottom of the river and sustain back or neck injuries. CGC conceded that an injured employee working alone could drown, but maintained that such an occurrence was remote and that ring buoys and a lifesaving skiff would not significantly reduce the risk of drowning. The foregoing testimony is relevant and probative on the issue of the existence of a drowning hazard. Based on our review of the entire record, the administrative law judge's finding of a drowning hazard is based on substantial evidence.
 
 
 11
 As to CGC's second argument, the administrative law judge assumed, without discussion, that a "danger of drowning" had to exist in order for Sections 1926.106(c) (ring buoys) and 1926.106(d) (lifesaving skiff) to be applicable. Section 1926.106(a) states that a drowning hazard must exist for it to apply, but subsections (c) and (d) do not explicitly require a drowning hazard to exist. The administrative law judge held that the Secretary had proven both a drowning hazard and the absence of the required safety equipment at the worksite. The Secretary adopted this conclusion in its final order. However, CGC insists that the Secretary's interpretation of Sections 1926.106(a), (c), and (d) to apply to four and one half feet of water is arbitrary, capricious, an abuse of discretion and contrary to law.
 
 
 12
 Where Congress has delegated authority to the Secretary of Labor to interpret a statute, we will defer to a reasonable interpretation by the Secretary. Here, Congress has authorized the Secretary of Labor to issue health and safety regulations concerning construction work. Pursuant to the authority granted under 29 U.S.C. Sec. 655 and 40 U.S.C. Sec. 333, the Secretary has promulgated 29 C.F.R. Sec. 1926, "Safety and Health Regulations for Construction." Section 1926.1 (Purpose and Scope) states that "This part sets forth the safety and health standards [for construction work] promulgated by the Secretary of Labor" and Section 1926.10 states that "no contractor...shall require any laborer...to work in surroundings or under working conditions which are unsanitary, hazardous, or dangerous to his health or safety, as determined under construction safety and health standards promulgated by the Secretary by regulation." 29 C.F.R. Sec. 1926.10.
 
 
 13
 We believe that all the regulations in Part 1926, including Sections 1926.106(a), (c) and (d), must be related to the protection of worker health or safety. The administrative law judge and the Secretary presumed that, in order for CGC to have violated Sections 1926.106(c) and (d), a safety hazard had to exist--in this case, a drowning hazard. Such a hazard was found to exist and that ring buoys and a lifesaving skiff would ameliorate this hazard at CGC's worksite. This interpretation is reasonable and the final order of the Secretary incorporating the administrative law judge's order was not contrary to law, arbitrary, capricious or an abuse of discretion.
 
 
 14
 For the foregoing reasons, we AFFIRM the final order of the Secretary of Labor.
 
 
 
 *
 Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 The Commission is an independent adjudicative forum for employers who want to contest citations issued by the Secretary of Labor. 29 U.S.C. Secs. 659, 661. The Commission is not part of the Occupational Safety and Health Administration or the Department of Labor