HALL, Circuit Judge,
dissenting.
I dissent. I find this case more analogous to Dowmbia v. Gonzales, which upheld the admission of a government forensics report without cross-examination. See 472 F.3d 957, 962 (7th Cir.2007). As that court noted:
■The fact that the evidence comes from official reports also resolves whether their admission was fundamentally fair. Any argument that the admission of the Embassy report was unfair fails upon the realization that even if Doumbia’s proceeding were subject to the protections of the Federal Rules of Evidence, official reports like these would be admissible despite their status as hearsay and regardless of the availability of any opportunity to cross-examine the authors. See Fed.R.Evid. 803(8)(C). The admissibility of the report is therefore also unaffected by Domnbia’s inability to question the Embassy investigator. Id. at 963.
Federal Rule of Evidence 803 — embodying a stricter standard than is required in immigration proceedings — permits reports prepared by agency investigators for use in individual cases to be admitted whether or not their authors are available because of the indicia of reliability that accompany such reports, including the “assumption that a public official will perform his duty properly.” Fed.R.Evid. 803 advisory committee’s note (listing as an example of an admissible evaluative report an INS investigator’s report on how a petitioner was known in the community); see generally Fed.R.Evid. 803(8)(C). Such indicia are absent from the spousal affidavits at issue in the cases cited by the majority and, for that matter, from expert opinions generally, when not from official agency staff or pursuant to investigations authorized by law.
In this case, an examiner from the Forensic Document Laboratory, a specialized federal crime laboratory dedicated exclusively to the forensic examination of identity documents in support of the U.S. Immigration and Customs Enforcement, issued a report suggesting three of Zhu’s documents were likely fabrications. This court has previously found similar reports admissible without cross-examination. See, e.g., Espinoza v. INS, 45 F.3d 308, 310-11 (9th Cir.1995) (admitting the government’s Form 1-213, a Report of Deportable Alien completed by an INS investigator on an individual petitioner, without cross-examination in immigration proceeding for reasons that “closely track[ ]” Rule 803(8)(C)); Marlowe v. INS, 457 F.2d 1314, 1315 (9th Cir.1972) (finding admission of an investigative report without accompanying foundation testimony from live witnesses to be fundamentally fair in an immigration proceeding). Thus, it was not error for the IJ to admit the report without cross-examination here.
Even assuming error, Zhu has failed to show the required prejudice for his constitutional claim, see Martinez-de Bojorquez v. Ashcroft, 365 F.3d 800, 806 (9th Cir.2004), given that what he hoped to elicit from cross-examination went to concerns which were already before the IJ, apparent on the face of the report, and noted by the IJ in her decision.
The report was properly admitted and, when considered with the IJ’s independent concerns about one of Zhu’s documents and other inconsistencies in Zhu’s testimony, supports the IJ’s adverse credibility determination. See In re 0-D-, 21 I. & N. Dec. 1079, 1082 (BIA 1998); Kaur v. Gonzales, 418 F.3d 1061, 1067 (9th Cir.2005); cf. Yeimane-Berhe v. Ashcroft, 393 F.3d 907, 912-13 (9th Cir.2004). I would, therefore, deny the petition.