**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERI ALEXANDER, | No. 09-35089 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00973-MO |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted December 10, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Teri Alexander appeals the district court's affirmance of the Commissioner

of Social Security's denial of Social Security Disability Insurance Benefits and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

partial denial of Supplemental Security Income disability benefits under Titles II and XVI of the Social Security Act.  We affirm.

1.      We reject Alexander's argument that ALJ King failed to comply with Judge Hogan's remand order.  Judge Hogan held that the ALJ did not articulate "specific and legitimate reasons" for rejecting the opinions of Alexander's treating physicians as to Alexander's functional limitations and directed the ALJ to develop the record further in this respect.  **[ER 661]**  ALJ King was also instructed to consider whether Alexander's drug-seeking behavior "is simply a matter of addiction and a tendency to accordingly exaggerate pain or is consistent with her pain testimony." **[ER 664]**

The ALJ complied with this order by considering newly developed medical evidence on remand, including Dr. Kauder's psychological assessment that Alexander was "exaggerating and/or fabricating . . . symptomatology." **[ER 707, 632]** The ALJ discussed Dr. Kauder's findings in detail, including Alexander's "striking" and "difficult to reconcile" discrepancies in cognitive testing that suggested "sub-optimal effort or embellishment." **[ER 706-07]**  The ALJ properly relied on Dr. Kauder's clinical observations, which provide a "clear and convincing reason[]" for rejecting Alexander's subjective pain testimony.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

2

The ALJ was not, however, entitled to consult the Diagnostic and Statistical Manual of Mental Disorders and conclude that Dr. Kauder's medical findings satisfied the clinical definition of "malingering." Nor should the ALJ have credited the anonymous report received by a medical provider from a caller claiming that Alexander was "doing quite well and has been selling her medications." **[ER 821]** This uncorroborated, anonymous, and unsworn statement did not "bear indicia of reliability," a prerequisite for the admissibility of hearsay declarations in administrative proceedings. *Calhoun v. Bailar*, 626 F.2d 145, 149 (9th Cir. 1980). As the other reasons for discrediting Alexander's testimony have a strong basis in the record, however, "the ALJ's decision remains legally valid." *See Carmickle*, 533 F.3d at 1162.

2, The record supports the ALJ's conclusion that Alexander's drug-seeking behavior was evidence of "a tendency to exaggerate pain." Alexander misled providers by reporting her prescriptions stolen or lost. **[ER 302, 576, 610]** She repeatedly visited the emergency room at two different hospitals seeking narcotic medications, despite the fact that her drug contract with her primary physician prohibited her from seeking narcotic medications elsewhere. **[ER 439, 424, 468]** Alexander's "consistent fail[ure] to follow" her narcotic contract led Dr. Linden to "fire" Alexander as a patient. **[ER 485]** Her next medical provider, Dr. Schultz,

3

concluded that it was "difficult to know if there is underlying pain syndrome with [Alexander's alleged fibromyalgia]" and became "unwilling to progress her narcotics any more." **[ER 517]** Dr. Kauder's clinical observations of symptom fabrication, as well as Alexander's ability frequently to ride a bicycle and walk despite her claim of total disability **[ER 727],** support the ALJ's finding that Alexander's drug-seeking behavior is consistent with and indicative of a tendency to exaggerate pain, even if the ALJ did not specifically refer to Judge Hogan's mandate in reaching that conclusion. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (holding that the likelihood that claimant was exaggerating complaints of physical pain to "feed his Valium addiction" supported the ALJ's decision to reject his testimony).

3.     The ALJ did not err in disregarding Alexander's alleged fibromyalgia as disabling.[1]  While the ALJ overlooked the fact that Dr. Emori had diagnosed fibromyalgia by assessing tenderness in at least eleven of eighteen locations, *see Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001), Dr. Emori diagnosed fibromyalgia in 1989, seven years before Alexander's alleged onset date. **[ER 550]**

---

[1]Contrary to Alexander's contention, the ALJ was not bound by her previous willingness to "[g]iv[e] the claimant the benefit of the doubt" and "assume[] that she has fibromyalgia." **[ER 57]** The earlier ALJ decision never became "final and binding" due to Alexander's appeal and Judge Hogan's remand order. *Cf. Chavez v. Bowen*, 844 F.2d 691, 692 (9th Cir. 1988).

In the interim, Alexander was able to work. **[ER 397**] Moreover, the ALJ found that Alexander's tendency to exaggerate her symptoms undermined the validity of any diagnoses that relied exclusively on her self-reported pain. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (upholding the ALJ's rejection of physicians' opinions that were entirely based on "subjective complaints and on testing within [the claimant's] control.").

The ALJ also properly rejected Alexander's contention that her migraine headaches constituted a severe impairment. Alexander reported that new medications had "given her significant headache relief." **[ER 634, 702**] *See Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). We have considered all of Alexander's other arguments and find them without merit.

**AFFIRMED.**